CASE 106—PETITION ORDINARY—FEBRUARY 12.

# Ross v. Louisville & Nashville Railroad Company.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

NEW TRIAL—DISMISSAL FOR WANT OF PROSECUTION.—When a party institutes an action ordinary, or is summoned as defendant, it is his duty to exercise ordinary diligence to inform himself when it is set for trial, and to be in attendance when it is called, and neither accident nor surprise is cause for setting aside a verdict or judgment and granting a new trial in the absence of such diligence on the part of the applicant.

This action having been dismissed for want of prosecution upon the failure of plaintiff to appear when the case was called for trial, the statement by him in his affidavit that he misunderstood his attorneys as to when the term of court would begin is not sufficient to entitle him to a new trial.

THOMAS H. HINES, SCOTT & VIOLETT FOR APPELLANT.

The court should have granted appellant a new trial. (Peebles, &c., v. Ralls, 1 Litt., 25; Guthrie v. Bogart, 1 A. K. Mar., 35; Price v. Ford, 7 Mon., 400; Turner's Adm'r v. Booker, 2 Dana, 337; Donallen v. Lennox, 7 Dana, 91; Call v. Hitchcock, 9 Bush, 66, Renicke v. Morse, 10 Ky. Law Rep., 767.)

JOHN W. RODMAN FOR APPELLEE.

That appellant did not know on what day his cause would be tried is no ground for a new trial. (Brevard v. Graham, 2 Bibb, 177; Cotton v.

Brashier, 2 Met., 153; Legrand v. Baker, 6 Mon., 247; Babbit v. Woolley, 2 Bush, 704; Brannin, Brand & Glover v. Trent, &c., 9 Ky. Law Rep., 577.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action ordinary brought by appellant, which was dismissed without prejudice because of his failure to prosecute it. And the question presented is, whether the lower court erred in overruling his motion to set aside the order of dismissal upon the ground stated in his affidavit as follows: "That when his attorneys brought this suit they told him that the court would meet on Monday, the fourth day of May, but that he understood them to say the fourth Monday in May; hence, he says he was in the country pursuing his occupation as a whitewasher, when and where a messenger came and informed him that his case had been called for trial, and he immediately came into court and informed his attorneys of his presence on the next morning after said case was dismissed. He says that he never had any thought or intention of abandoning his case or delaying the court, but has at all times been ready and anxious for a trial. He says that he can neither read or write and is wholly ignorant of the proceedings and practice of courts, and is so poor that he is compelled to work whenever and wherever he can without cessation."

When the application of a party aggrieved is made during the term and within three days after the verdict or decision is rendered, which was done in this case, a new trial may be granted for the cause presented in subsection 3, section 340, Civil Code, of "accident or surprise, which ordinary prudence could not have guarded against." Or a judgment may, upon petition filed after the term at

which it was rendered, be vacated under section 578, for "unavoidable casualty or misfortune preventing the party from appearing or defending," either of which would, of course, be a sufficient cause for a new trial applied for during the term when the verdict or decision is rendered. But clearly appellant was not, according to his affidavit, prevented appearing when the action was called for trial by unavoidable casualty or misfortune in meaning of the Code. Nor does he show a case of accident or surprise that could not have been guarded against by ordinary prudence.

When a party institutes an action ordinary or is summoned as defendant, it is his duty to exercise ordinary diligence to inform himself when it is set for trial, and to be in attendance when it is called; and, according to the plain intent of the Code, neither accident or surprise is an available cause for setting aside a verdict or judgment and granting a new trial in the absence of such diligence on part of the applicant.

A case may be called for trial before it is regularly reached on the docket, or at a time when neither plaintiff or defendant could be reasonably or fairly expected and required to be present, and, consequently, the ends of justice would, under such circumstances, require a new trial. But where a verdict or judgment has been rendered against a party because of his absence or for want of due preparation for the trial, caused by his own lack of ordinary diligence, we know of no principle upon which a new trial should be granted.

Appellant does not state in his affidavit he was surprised or misled, as to the time his action would be called for trial, by the action of the court, or any officer of

court, by the conduct of the opposite party, or even by information given by his attorney; on the contrary, he admits he was, when the action was commenced, correctly informed by his attorney when the court would commence. And although nearly a month elapsed before the case was regularly reached on the docket and called for trial, he does not appear to have made any futher inquiry on the subject or even effort to prepare it for trial. It is true he says in general terms he was at all times anxious and ready for a trial, but his affidavit does not show he made any effort to have witnesses summoned, or to consult and advise with his attorney about his case. To set aside the judgment in such case as this would relieve litigants entirely free from any diligence in preparing their actions for trial, and subject every case to retrial whenever either party might be absent, though inexcusably negligent.

Judgment affirmed.