CASE 60.—PERSONAL INJURY ACTION BY CHARLES E. STRINGFIELD AGAINST THE LOUISVILLE RY. CO. —November 18.

## Stringfield v. Louisville Ry. Co.

Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

Matt O'Doherty, Judge.

Judgment for defendant. Plaintiff appeals.—Affirmed.

1. Trial—Right to Close—Affirmative Denial—Burden of Proof.— Where a petition alleged that, while plaintiff was a passenger on defendant's car, he was willfully assaulted by the conductor, and seized and thrown from the car while it was in motion, and injured, and one paragraph of the answer was a traverse and the other a plea of justification, stating that plaintiff was boisterous, and the conductor stopped the car and put him off without violence or injury to him, the answer

Stringfield v. Louisville Ry. Co.

in the first paragraph stricken was an affirmative denial of such allegations of the petition, leaving the burden of proof on plaintiff, and giving him the right to close the argument.

2. Appeal and Error—Review—Subsequent Appeals—Scope of Review—Errors Existing but not Presented on Former Review.—Where the court erroneously gave defendant the opening and closing, and the error was shown in the record on a first appeal, but was not presented to the appellate court, and the court did not pass upon it, error in a similar ruling on the second trial after reversal can not be raised on a second trial.

BRADFORD WEBSTER for appellant.

POPHAM & WEBSTER and MORTON K. YONTS of counsel.

AUTHORITIES.

1. The burden of proof was on plaintiff and he should have been given the closing argument. (Stringfield v. Lou. Ry. Co., 32 Ky. Law Rep. ——, 105 S. W. 1190, 3 Cyc. 1087; Finnel v. Bohannon, 19 Ky. Law Rep. 1507, 44 S. W. 94; Hess v. Hymson, 29 Ky. Law Rep. 327, 93 S. W. 9; Frankfort & Versailles Traction Co. v. Marshall, 30 Ky. Law Rep. 431, 98 S. W. 1035; Lou. & Eastern R. Co. v. McNally, 31 Ky. Law Rep. 1357, 105 S. W. 124; Doerhoefer v. Shewmaker, 29 Ky. Law Rep. 1193, 97 S. W. 7; Berkner v. Dannenberg, 116 Ga. 954, 60 L. R. A. 559, 43 S. E. 463; Seymour v. Bailey, 76 Ga. 338; Shipp v. Patton, 29 Ky. Law Rep. 480, 93 S. W. 1033; Boles v. Pin..erton, 7 Dana, 453; Brubaker v. Paul, 7 Dana 428, 32 Am. Dec. 111; Hathaway. v. Rice, 19 Vt. 102; Loder v. Phelps, 13 Wend. 46; Cilley v. Preferred Ac. Ins. Co., 187 N. Y. 517, 79 N. E. 1102; Mitchem v. Allen & Darrow, 128 Ga. 407, 57 S. E. 721; J. B. Stivers v. Baker, 87 Ky. 508, 10 Ky. Law Rep. 523.)

2. The question of burden of proof was not settled on the first appeal as the law of the case. (U. S. Fidelity & Guaranty Co. v. Blackley, Hurst & Co., 27 Ky. Law Rep. 392, 85 S. W. 196.)

(a) Because it was not made a ground for new trial after the first verdict. (Detherage v. Montgomery, 4 Bush 46; Farmer v. Gregory, 78 Ky. 475; Blythe's Exr. v. Owens, 3 Ky. Law Rep. 328; Gaffney v. Penn. R. Co., 8 Ky. Law Rep. 416; Alexander v. Humber, 86 Ky. 565, 9 Ky. Law Rep. 734; Cent. Pass. R. Co. v. Spieth, 10 Ky. Law Rep. 157.)

(b) Because it was not a part of the bill of exceptions after the first verdict. (Sou. Ry. in Ky. v. Thurman, 25 Ky. Law Rep. 804,

Stringfield v. Louisville Ry. Co.

76 S. W. 499; Ky. Stats., 1903, section 4639; Mann v. Moore, 112 Ky. 25, 23 Ky. Law Rep. 2121, 66 S. W. 723.)

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellee.

We rely upon an affirmance in this action on the following grounds:

1. The question of the burden of proof was res adjudicata when it was not presented by appellant upon his first appeal, and it is now too late for this question to be raised.

2. That the lower court did not err in ruling as it did on the question of the burden of proving its case and was entitled to the concluding argument.

## AUTHORITIES CITED.

Civil Code, sections 317, 526; Finnell v. Bohannon, 19 Ky. Law Rep. 1587; Hess v. Hymson, 29 Ky. Law Rep. 327; Frankfort & Versailles Traction Co. v. Marshall, 30 Ky. Law Rep. 431; Louisville & Eastern R. R. Co. v. McNally, 31 Ky. Law Rep. 1357; Doerhoefer v. Shewmaker, 29 Ky. Law Rep. 1193; Torian v. Terrell, 29 Ky. Law Rep. 306; Ashland & Catlettsburg Ry. Co. v. Hoffman, 26 Ky. Law Rep. 778; Boone v. Gleason, 19 Ky. Law Rep. 1001; Mason, etc., v. Mason, 5 Bush 190; Davis, etc., v. McCorkle, 14 Bush 746

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is the second appeal of this case; the plaintiff in the court below being the appellant on each appeal. Appellant claimed in his petition that, on July 18, 1906, while he was a passenger on one of the cars of appellee, he was willfully and maliciously assaulted by the conductor; was seized by the back of the neck, and thrown from the car while it was in motion; that because of this act he was severely and permanently injured. The answer filed by appellee contained two paragraphs, the first being a traverse, and the second a plea of justification, by stating, in substance, that appellant was boisterous, and its conductor stopped

the car and put him off without violence or injury to him. In our opinion the answer of appellee should only be considered as an affirmative denial of the allegations of the petition. If not, appellant was entitled to a peremptory instruction to the jury to find for him the damages he had sustained. We are of the opinion, however, that the answer, with the first paragraph stricken, operated as an affirmative denial of the petition. Consequently, the burden of proof rested upon him, and he had the right to close the argument. There is no bill of exceptions filed on this appeal showing the evidence heard upon the trial, nor are the instructions given by the lower court a part of the record. The only error complained of on this appeal is that the court erred in giving the burden of proof to appellee, and allowing it the closing argument. This question was not presented by appellant as error to this court on the first appeal, although on the first trial the lower court made a similar ruling over the objection of appellant, and allowed appellee the burden of proof and the concluding argument. This appears on the first page of the transcript of the first trial. The transcript begins with the following statement: "This case coming on to be heard before his honor, Walter P. Lincoln, special judge, and a jury, the jury being duly impaneled and sworn, and the case stated by counsel for respective parties, the defendant moved the court to award it the burden of proof and closing argument, to which the plaintiff objected, but the court overruled the objection, and awarded to the defendant the burden of proof and the closing argument, to which plaintiff excepted."

The transcript further shows that the testimony of appellee was introduced first, and that it assumed the burden of proof, after the court had so ruled over the

objection of appellant, and that appellant assigned
that as error in his ground filed for a new trial.   The
verdict resulted in favor of appellee on the first trial,
and an appeal was then taken, but the question of bur-
den of proof was not presented to this court, and the
court did not pass upon it.   However, it could have
been raised, and it is too late now for him to contend
that the lower court erred in its ruling on the ques-
tion of burden of proof.   This court has invariably
held that when an error occurs in the progress of a
case, and the case goes to the court of appeals, and
this error is not presented for its consideration, then
the party who is claiming an error can not take
advantage of such error on a subsequent appeal.   It
is his duty to present to the court on the first appeal
all errors in the record occurring prior to the taking
of the appeal, and if advantage is not taken of this
fact, and the alleged error is not presented to •this
court, and the court fails to pass upon the question,
all parties who claim to have been injured thereby are
estopped from presenting the alleged error at any
subsequent consideration of the case by this court.
See the case of Davis, etc., v. McCorkle, 14 Bush 746,
and also the case of Mason v. Mason, 5 Bush 187.   In
the last-mentioned case this court said: ''Many of the
cases assigned for review and rehearing may be dis-
posed of by a general statement that all the errors
and irregularities appearing in the original record,
and which could have been corrected by the appeal,
must now be regarded as settled and adjudicated,
and can afford neither a cause for a review, for a
rehearing in the court below, nor for correction now
in this court.   If they were not then discovered and
presented by appellants and their counsel, and
escaped the attention of this court, it only shows the

wisdom of the law in precluding a subsequent investigation, by way of repose to litigants, and penalty for laches in not presenting, in proper time and manner, errors then existing and apparent in the record."
See, also, the case of Boone v. Gleason, 4 Ky. Law Rep. 1001.

For these reasons the judgment of the lower court is affirmed.

Petition by appellant for the modification of opinion overruled.