CASE 81—PROCEEDING TO PROBATE THE WILL OF MRS. E. A. WALL, DECEASED.—March 12, 1909.

## Wall's Exr., &c. v. Dimmet, &c.

Appeal from Mason Circuit Court.

JAMES P. HARBESON, Circuit Judge.

From a decree sustaining a contest by Lydia E. Dimmett and others, the executor and others appeal— Reversed.

1. Appeal and Error—Law of the Case.—A former decision of the Court of Appeals in a will contest that evidence of threats and an admission by decedent were sufficient to go to the jury

on the question of his undue influence over testatrix precludes proponents' right to a reversal of a subsequent judgment for contestants, with directions to probate the will, though on the subsequent trial evidence of the admission was excluded.

2. Witnesses—Competency—Transactions with Decedent.—Under Civ. Code Prac. section 606 (2), prohibiting one to testify for himself to a transaction with a decedent to affect a living person, etc., in contesting a will for undue influence exercised over testatrix by decedent, her husband, contestant could not testify that decedent told her that contestant could not break the will, and it was no use trying, and that decedent was to blame for the whole thing.

3. Witnesses — Competency—Communications Between Husband and Wife.—Under Civ. Code Prac. section 606, prohibiting one to testify to a "communication" by a spouse, in a will contest, based on undue influence exercised over testatrix by decedent, her husband, it was improper to allow their grandson's former wife to testify that during her marriage her husband showed her letters from decedent in which he said that her husband should not have any share in decedent's or testatrix's estate unless he did certain things, and that her husband was worried and afterwards destroyed the letters; the word "communication" within the statute meaning any information acquired by one spouse from the other through the marital relation.

4. Appeal and Error—Prejudicial Error—Admission of Evidence. —The admission of the testimony was not rendered harmless by competent testimony that decedent threatened that the grandson should have none of the "W. property" (decedent's name being W.) unless he mended his ways.

E. L. WORTHINGTON, for appellant.

GARRETT S. WALL, THOS. R. PHISTER and LEWIS APPERSON, of counsel.

POINTS AND AUTHORITIES.

1. Where a will is contested solely on the ground of undue influence and there is no evidence that such influence was exerted, and was effective, this court will order the will to be probated. (Broaddus v. Broaddus, 10 Bush 299; Bush v. Lisle, 89 Ky. 393; Sanders v. Blakely, 21 Ky. Law Rep. 1321.)

Wall's Executor, &c. v. Dimmett, &c.

2. The facts that the children of the draftsman of a will took a benefit under it, and that the testatrix lived in the same house with the draftsman, are no substantive evidence of undue influence. They are, at most, only circumstances which might be of some importance when coupled with substantive evidence of undue influence having been exerted. (1 Underhill on Wills, secs. 130, 131, Biglow's Note to 1 Jarman on Wills, 66.)

3. When a husband shows his wife a letter written to him, she cannot testify to its contents, because it is a communication between them, within the meaning of subsec. 1, sec. 606, Civil Code. (Commonwealth v. Sapp, 90 Ky. 580.)

HAZELRIGG, CHENAULT and HAZELRIGG for appellees.

H. D. COCHRAN and SELLER & SLATTERY of counsel.

CONCLUSION.

We think we have shown:

1. That under the Burnam, or first opinion, 114 Ky. 923, the testimony of Guilfoyle, Hunter and Johnson offered by appellees on the form of an avowal, together with the other evidence admitted on the first trial, was sufficient to form some basis for the verdict of the jury against the will. The court so states.

2. That the jury on the strength of that testimony admitted on the second trial, even when not so strong as had been the avowal, was sufficient with other testimony to show the paper not to be the true will of Mrs. Wall; but notwithstanding this, this court thought the evidence insufficient, yet it sent it back for another trial. (See Paynter's opinion, 29 Ky. Law Rep. 670.)

3. That the testimony as now added to in some respects even if weakened in another being in the opinion of the jury sufficient to show the paper not to be Mrs. Wall's will, this court will, under its authorative announcement in the Cofer case, 78 Ky. 74, yield to the jury on a point which comes within the primary and peculiar province of the jury. (See section 341, Civil Code and cases cited, when three verdicts have been had for the same party.)

We confidently ask an affirmance.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

This is a contest over the will of Mrs. Elizabeth A. Wall, who died in 1898. The ground upon which the contest is based is the undue influence which was exerted over the testatrix by her husband, Dr. Wall. The case has been three times tried in the circuit court, and upon each of the trials a verdict was returned by the jury against the will. Twice the case has been appealed to this court and reversed, and, following the last reversal, the trial and judgment upon which this appeal is based was had, and it is here the third time for review.

It is most earnestly insisted for appellants that there is no evidence at all upon which to support the finding and judgment of the jury, and that the judgment should be reversed with instructions to the trial court to enter an order directing the probate of the will. This same course was urged upon the last appeal, and, in response thereto, this court said: "The former opinion precludes this court now from holding, if it desired to do so, that the case should be reversed with directions to probate the will. That opinion is the law of this case." Counsel for appellants urge that this principle is not applicable for the reason that a material part of the evidence which was given on the former trial was not introduced upon the trial from which this appeal is prosecuted. An examination of the record shows that upon the first appeal the evidence offered consisted, in the main, of certain threats which Dr. Wall was alleged to have made, to the effect that his grandson, Hal

Dimmitt, should have none of the Wall property, coupled with the testimony of his daughter, Mrs. Dimmitt, to the effect that, after her mother's death, her father, Dr. Wall, had confessed to her that he was responsible for his wife's having made the will in the manner in which she did.   Upon the last trial this testimony of Mrs. Dimmitt, to the effect that her father had told her that he was responsible or answerable for the way and manner in which the will was drawn, was excluded for the reason that Dr. Wall had died, and on the authority of the case of Grove v. Grove's Adm'r, 18 S. W. 456, 13 Ky. Law Rep. 807, the trial judge held this evidence incompetent; still the evidence of the threats which Dr. Wall is alleged to have made was before the jury, and this being a part of the evidence which was before the jury upon the first trial, when this court said there was sufficient evidence to authorize the submission of the case to the jury, we are of opinion that appellants' right to a reversal with directions to probate the will is foreclosed in the former opinion, and not now open to further consideration.   This leaves only the question of the correctness of the ruling of the trial judge on the exclusion and admission of certain evidence.

Appellees complain because they were not permitted to prove by Mrs. Dimmitt the statement of her father to her, to wit: "Daughter, you cannot break your mother's will.   It is no use trying; don't reproach your brother.   I am the one to blame.   Blame me with the whole thing."   Under the authority of subsection 2, section 606, Civ. Code Prac., this ruling of the trial court was correct, and this identical question was decided by this court in the case of

Grove v. Grove's Adm'r, supra, in which this court
said: "The propounder of the will and principal
devisee died a few days before the term of the court
began. * * * The statements of the propounder to
the contestants could not be used by them. The party
in interest being dead, the contestants could not as
witnesses prove conversations by her affecting the
sanity of the testator, or her influence over him."
In that case, as in the case at bar, it was proposed to
prove by the witnesses, contestants, that the pro-
pounder had made certain statements, and, the pro-
pounder having died, this court held that these state-
ments could not be so proven.

The contestants introduced Lucy M. Dimmitt, wife
of Hal Dimmitt, grandson of the testatrix, and only
child of Mrs. Lydia E. Dimmitt, and offered to prove
by her the contents of two letters which her husband,
Hal Dimmitt, is alleged to have received from his
grandfather, Dr. Wall, in which letters Dr. Wall told
Hal Dimmitt that he should have no part of the
Wall estate, and none of his grandmother's estate,
if he did not do certain things. Over the objection of
propounders, this testimony was admitted. It was
shown that Lucy M. Dimmitt had been divorced from
her husband, Hal Dimmitt, though at the time he is
alleged to have received the letters in question they
were living together as man and wife. She states
that, when her husband received the letters, he was
much disturbed by reason of the statement contained
therein, and handed them to her for her to read; that
she read them, and he afterwards destroyed them.
It is urged for appellants that this testimony was
incompetent and highly prejudicial; that under the
provision of Civ. Code Prac. section 606, the wife

is expressly prohibited from testifying concerning any communication between herself and husband during the existence of their marriage. For appellees it is contended that the evidence is competent because the exhibition of the letters by the husband to the wife, and his permitting her to read their contents is not, in the contemplation of the statute, a "communication." This court in the case of Commonwealth v. Snapp, 90 Ky. 580, 14 S. W. 834, 29 Am. St. Rep. 405, had under consideration the meaning of the word "communication" as used in section 606 of the Civil Code of Practice, and said: "The word 'communication,' as used in our statute, should be given a liberal construction. It should be confined to a mere statement by the husband to the wife, or vice versa, but should be construed to embrace all knowledge upon the part of the one or the other obtained by reason of the marriage, and which but for the confidence growing out of it would not have been known to the party." This definition and construction has been approved by this court in the case of Scott v. Commonwealth, 94 Ky. 511, 23 S. W. 219, 42 Am. St. Rep. 371, and again in the case of Howard v. Commonwealth, 118 Ky. 1, 80 S. W. 211, 81 S. W. 704, the word "communication" is construed to mean any information which the husband or wife receives from the other by reason of the marital relation. Applying this definition to the evidence under consideration, we find, according to the testimony of the witness Lucy M. Dimmitt, that while she and her husband were living together as husband and wife he received two certain letters from his grandfather, and he exhibited or handed these letters to her for the purpose of having her read them

that their contents were such as to worry and annoy them, and that after she had read them they were destroyed. Clearly she saw and read these letters because of the fact that she was his wife, living there in the house with him. It is attempted to be shown that the contents of these letters were known to others in the town in which they lived, but, be that as it may, the information which she received came direct from her husband, and was communicated to her by him just as though he had said to her: "Lucy, I have received two letters from my grandfather in which he threatens to disinherit me and to see that I get none of my grandmother's estate." It would hardly be contended that, if this statement had been made by Hal Dimmitt to his wife, she would be permitted to testify to this fact, and yet such a statement would be no more a "communication" than was the information conveyed to her in the manner in which it was.

Again, it is urged that, even though the court did err in admitting this evidence, still it was only cumulative, but to this we cannot agree. None of the witnesses who testified to the threats made by Dr. Wall to the effect that Hal Dimmitt should have none of the Wall proerty unless he amended his ways, etc., went so far as to state that Dr. Wall said that Hal Dimmitt should have none of his grandmother's estate, and yet Lucy M. Dimmitt says that the letters which she saw contained this threat. Such evidence was damaging in its nature; in fact, it was the strongest evidence which was introduced in the case. It would be mere speculation to say what effect it had in producing the verdict of the jury.

It was prejudicial error to admit it; and for this

reason the judgment is reversed and cause remanded for another trial consistent herewith.