## Wall's Exor, et al. v. Dimmitt.

(Decided January 24, 1911.)

### Appeal from Mason Circuit Court.

1. Appeals—Former Opinion Law of the Case.—When there have been two appeals, the opinion on the first appeal will be treated as the law of the case, and all questions which were then before the court will be taken as conclusively settled by the opinion, although not referred to in it. On a subsequent trial the circuit court has a right to assume that matters not passed on in the opinion were correctly ruled on the trial, and this rule includes instructions.

2. Wills—Estoppel of Legatee to Contest.—A devisee cr legatee cannot claim under and against a will; but where the right of a devisee or legatee to contest a will is resisted upon the ground that he is estopped from contesting it by the acceptance of property under the will, the facts constituting the estoppel must be pleaded.

3.   Verdict Against the Evidence—Third Verdict.—When there have
been three verdicts upon substantially the same evidence for
the same party, the third verdict will not be disturbed upon the
sole ground that it is not supported by or is clearly against the
weight of the evidence.

E. L. WORTHINGTON, GARRETT S. WALL, and LEWIS
APPERSON, for appellants.

T. D. SLATTERY and W. D. COCHRAN, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is a will contest, and there have been four jury
trials.  On each trial the verdict was against the will,
and this is the fourth appeal to this court by the appel-
lants from judgments of the lower court declaring that
the paper offered as the last will of Elizabeth A. Wall
was not her will.  The former opinions may be found in
Wall v. Dimmitt, 114 Ky., 923; Wall v. Dimmitt, 29 Ky.
Law Rep., 670; Wall v. Dimmitt, 132 Ky., 747.  On each
of the other appeals we said in substance that while there
was sufficient evidence to take the case to the jury, the
verdict in each case was flagrantly against the evidence,
and for this reason the judgments on the first and sec-
ond appeals were reversed.  On the third appeal the
judgment was reversed for error in the admission of evi-
dence.  On this appeal we are urged to again reverse
the case because the verdict is flagrantly against the evi-
dence and for errors of law committed by the trial court.
The first error assigned is that the court should not have
admitted evidence as to statements made by Dr. Wall,
the husband of the testatrix, to Johnson, Hunter and
Gillfoil, and testified to by them.  The competency of
this evidence is objected to upon the ground that Dr.
Wall, who had no interest in the estate, was dead when
the testimony was introduced.  A sufficient answer to
this is that the same objection was made and urged upon
the court upon the last appeal; and as it was not ruled
in the last opinion that the evidence was incompetent, it
is too late now to raise the question.  Upon this point we
said in Stewart's Adm'r v. L. & N. R. Co., 136 Ky., 717:

"The evidence given for the defendant, which is now
objected to, is practically the same as that given for it
on the former trial, and in the opinion on the former ap-
peal none of it was condemned.  That opinion is the law
of the case, and matters which might have been brought
to the attention of the court then, and were not, are con-

cluded by that opinion. If errors are made on the trial against the appellee, and the case is brought here and reversed, he must call the attention of the court to the errors which he wishes to correct, for the circuit court has the right to assume that matters not passed on in the opinion were correctly ruled on in the trial. Were it otherwise, litigation would be interminable and an appeal by one party would only be a stepping stone to another appeal by another.''

In United States Fidelity & Guaranty Co. v. Blackley, Hurst & Co., 27 Ky. Law Rep., 392, we said:

''It is elementary that on the second appeal, the opinion on the first appeal must be treated as the law of the case, and all questions which were then presented and properly before the court are as conclusively settled, though not referred to in the opinion, as if each are specifically mentioned and considered.'' To the same effect is Illinois Life Ins. Co. v. Wortham, 119 S. W., 802; Smith v. Brannin, 79 Ky., 114; Dupoyster v. Fort Jefferson Improvement Co., officially reported in 121 Ky., 518, but cited by counsel for appellee as being in 89 S. W., 509.

It is also urged that instruction No. 1, relating to the execution of the will was erroneous, but this instruction was given upon each trial and was before the court on each appeal, and as it was not disapproved it must be treated as proper. Stringfield v. Louisville Ry. Co., officially reported in 130 Ky., 468, but cited by counsel for appellee as being in 113 S. W., 513; Lexington Ry. Co. v. Fain, 28 Ky. Law Rep., 743.

Another reason urged for reversal is that the contestant, Mrs. Dimmitt, accepted personal property devised to her by the will, and is, therefore, estopped to attack it. It is well settled that a devisee or legatee cannot claim under and against a will, but this principle has no application to this case. A few articles of personal property, consisting chiefly of household furniture, were divided by agreement between the three children of the testatrix before the will was offered for probate, and under and in accordance with a written memoranda made by the testatrix directing how she wished these articles disposed of. We might safely dispose of this objection with the statement that although the will directed an equal division of the personal property, these articles were in fact not divided under the will but under and in accordance with directions given by the testatrix after the will was written. Aside from this, the question

of estoppel is not pleaded. Where the right of a devisee or legatee to contest a will is resisted upon the ground that he is estopped from contesting it by the acceptance of property under the will, the estoppel must be pleaded. Excelsior Coal Mining Co. v. Virginia Iron & Coal Co., 23 Ky. Law Rep., 1834; Kasey v. Fidelity Trust Co., 131 Ky., 604; Seibert v. Bloomfield, 23 Ky. Law Rep., 646.

Really, the chief ground urged for reversal is that the verdict is flagrantly against the evidence, but it is now too late to rely upon this ground. It is a settled rule of this court that when there have been three jury trials, and two reversals because the verdict was against the evidence, a third verdict will not be disturbed, although it may also be in the opinion of this court against the weight of the evidence. This question was fully considered in L. & N. R. Co. v. Daniel, 131 Ky., 689. In that case, we said:

"So that it may now be considered as the settled practice that when there have been three verdicts upon substantially the same evidence for the same party, the third verdict will not be disturbed upon the sole ground that it is not supported by, or is clearly against, the weight of the evidence. And this rule will obtain, although either one or both of the two first verdicts were set aside for errors of law appearing in the record. But there must be three verdicts."

The judgment is affirmed.