## Cumberland Railroad Company v. Girdner, by etc.

(Decided May 23, 1919.)

## Appeal from Knox Circuit Court.

1. New Trial—Setting Aside Verdict.—Under the provisions of section 341 of the Civil Code of Practice, only two new trials may be granted upon the ground that the verdict is not sustained by the evidence, and where the evidence is substantially the same upon the third trial of the case, it will not be set aside upon that ground, even though the court may be of the opinion that it is not sustained by sufficient evidence, if that ground was relied upon in the first two trials.

2. Appeal and Error—Law of the Case.—The first opinion in a case becomes the law of that case in subsequent trials, which rule applies to errors relied upon on the first appeal, and which were mentioned in the opinion; errors relied upon but not noticed in the first opinion, and errors appearing in the record on the first appeal which might have been but were not relied upon. But the rule does not apply to any of such errors as the court in its first opinion on the first appeal expressly refrains from passing upon.

3. Damages—Excessive Damages.—Where plaintiff, a boy eight years of age, lost his leg by its being amputated between the knee and thigh, a verdict for $9,500.00 can not be regarded as excessive, or at any rate so much so as to appear to have been returned

under the influence of passion and prejudice on the part of the jury.

BLACK & OWENS for appellant.

SAWYER A. SMITH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case, the first opinion being reported in 174 Ky. 761, where the facts out of which the litigation grew, as well as the contentions of the respective parties, are clearly and fully stated. Upon the trial then under review there was a verdict followed by a judgment in favor of plaintiff for the sum of $2,000.00, which was reversed upon the ground that (a) the court overruled defendant's motion to exclude from the jury all of the testimony given by the plaintiff, John Frank Girdner, who, at the time he testified on that trial, was about nine years of age (being eight years old when he sustained the injuries for which he sues), because he declined to answer questions propounded to him upon cross-examination. (b) That the court failed to properly instruct the jury in that the defendant's theory of the case was not submitted under a concrete instruction which the court held under the peculiar facts of the case it was entitled to, and (c) that the verdict was flagrantly against the evidence. After the return of the case there was a second trial had in which the plaintiff cured ground (a) for the reversal by properly answering all questions propounded to him by defendant's attorneys, and the concrete instruction which the court directed under ground (b) was given to the jury. The evidence was substantially the same and the jury returned a verdict in favor of plaintiff for the sum of $6,000.00. Upon that trial defendant filed motion and reasons for a new trial embodying the same complaints as it did in its motion filed in the first trial, and the trial court sustained the motion, saying:

"Although this court does not find that the verdict is against the weight of the evidence, yet the law as laid down in the former appeal is the law of the case, and being of the opinion that the evidence is not substantially different from the first case, and that law governing this court, the motion for a new trial of the defendant is hereby sustained, and the defendant is hereby granted a

new trial, on the ground above indicated and that only, to which the plaintiff objects and excepts.''

A third trial was had in which the evidence in behalf of plaintiff's theory of the case was in some respects strengthened over that heard upon the first trial when the case was here on the first appeal, and upon the last trial there was a verdict in favor of plaintiff for the sum of $9,500.00, upon which judgment was rendered, and defendant's motion for a new trial having been overruled, it prosecutes this appeal, urging in its motion many grounds for a reversal, but insisting in this court that: ''(1) Appellee failed to prove he was in the exercise of ordinary care at the time of the injury; (2) appellee's negligence was the sole, direct and proximate cause of his injury; (3) the damages are excessive and were given under the influence of passion and prejudice on the part of the jury.''

Notwithstanding the above classification of the errors complained of, at the beginning of appellant's brief its counsel discusses other supposed grounds, among which is the contention that the verdict is flagrantly against the evidence, and we had perhaps as well dispose of it at the beginning.

The two new trials heretofore obtained by defendant—the first of which was granted by this court on the first appeal and the second by the court below—were granted because the verdicts were not sustained by and were flagrantly against the evidence. Section 341 of the Civil Code in part says: ''Nor shall more than two new trials be granted to a party upon the ground that the verdict is not sustained by the evidence.'' In applying that provision of the Code this court has uniformly held in a long line of cases that where there have been three verdicts for the same party the court will not disturb the third one upon the ground that it is flagrantly against the weight of the evidence and not sustained thereby, where the same complaint was made against the first two verdicts and urged as grounds for setting them aside, and this, although the first two judgments were reversed or set aside for errors of law. L. & N. R. R. Co. v. Graves, 78 Ky. 74; L. & N. R. R. Co. v. Adams, 10 R. 713, 10 S. W. 425; L. & N. R. R. Co v. Ballard, 88 Ky. 159, 10 R. 735, 10 S. W. 429; City of Bardstown v. Nelson Co., 90 S. W. 246, 28 R. 710, 121 Ky. 737; Cincinnati R. Co. v. Holcomb, 105 S. W. 968, 32 R. 381; Champion Ice Co. v. Delsignore,

105 S. W. 1181, 32 R. 427; Mobile R. Co. v. Morros, 112 S. W. 639; L. & N. R. R. Co. v. Daniel, 115 S. W. 804, 131 Ky. 689; Wall v. Dimmitt, 141 Ky. 715, 133 S. W. 768.

Many other cases from this court, determined both before and since the cases cited above, hold to the same construction of the section of the Code, *supra,* and the rule of practice forbidding the granting of more than two new trials upon this ground is now firmly fixed in this jurisdiction. So that were we of the opinion that the verdict now under review was flagrantly against the evidence and not sustained thereby, we would be bound by this well established rule of practice and could not reverse the case for that reason on this, the third trial. But we are not disposed to hold that the verdict upon the last trial is subject to the criticism made. Three witnesses testified to the accident occurring in the manner which plaintiff contends it did, i. e., that he was walking on the ends of the ties of the railroad track, at a place where it is conceded in this record he had the right to be, and that the train backed on him without giving signals or any warning of its approach; that upon being struck by the rear of the tender, which was in front of the train as then made up, he was knocked or pushed down upon his face on the ends of the ties, and in scuffling to relieve himself of the peril he finally got his right leg over the rail when the rear trucks of the last car ran over it, resulting in its being amputated between the knee and the hip. Four witnesses testified to facts contradicting the statements of plaintiff as to how the accident happened. They say the train passed plaintiff while he was off of the track and at a safe place; that it did not strike him or knock him down, and two of them testified to facts which would indicate that he was trying to board the train in order to ride a short distance up to the depot, but neither of the two state that plaintiff was grabbing at the train or any portion of it as though he were endeavoring to board it. Upon this crucial issue we have three witnesses testifying to plaintiff's theory and four to that of defendant. We can not say that a verdict adopting the testimony of the three witnesses for plaintiff rather than the facts testified to by defendant's four witnesses is flagrantly against the evidence, or that the verdict is not sustained by it.

The court on its own motion upon the trial now under review gave to the jury eight instructions, all of which were given upon the first trial except the modification of the eighth instruction directed by the former opinion of this court. No exceptions were taken to any of them, nor did defendant offer any instructions, so that there can be no complaint growing out of the action of the court in instructing the jury. There remains, then, only the three grounds taken from appellant's brief first mentioned above.

As to ground (1), that plaintiff failed to prove that he was in the exercise of ordinary care at the time he sustained his injuries, and ground (2), that appellee's negligence was the sole, direct and proximate cause of his injuries, it is sufficient to say that each of them was involved, presented and argued upon the first appeal. They were then, as now, based upon substantially the same evidence, with the possible exception of plaintiff's evidence being stronger upon the last trial than upon the first. Under the thoroughly established rule that the opinion upon the first appeal is the law of the case in subsequent trials, we are not at liberty to consider these two grounds upon this appeal. The rule forbidding our doing so not only precludes us from considering on a subsequent appeal errors which were relied upon on the first appeal, and which were mentioned in the first opinion, because such errors are *res adjudicata*, but we are also precluded by the rule from considering errors relied upon and not noticed in the first opinion, as well as errors appearing in the record and which might have been but were not relied on. McNeil v. Thompson, 27 Ky. Law Rep., 289; U. S. Fidelity & Guaranty Co. v. Blackley, &c., 27 Ky. Law Rep. 392; C. & O. R. R. Co. v. Morgan, 129 Ky. 731; Dupoyster v. Ft. Jefferson Improvement Co., 121 Ky. 518; Springfield v. Louisville Railway Co., 130 Ky. 468; Illinois Life Ins. Co. v. Wortham, 119 S. W. R. (Ky.) 802; Stewart's Admr. v. L. & N. R. R. Co., 136 Ky. 717; Wall's Ex'r v. Dimmitt, 141 Ky. 715; N. C. & St L. Ry. Co. v. Henry, 168 Ky. 455; Same v. Banks, 168 Ky. 581; Consolidated Coal Co. v. Moore, 179 Ky. 293, and Consolidation Coal Co. v. Bailey, 183 Ky. 204.

This leaves only ground (3), that the verdict is excessive and appears to have been returned under the influence of passion and prejudice on the part of the jury.

Under our system of judicial procedure such questions must necessarily be left largely to the sound discretion of the jury. In the very nature of things there can be no accurate standard of measurement. Many elements enter into the calculation, such as expectancy of life, permanency of the injury, extent of the impairment to earn money; earning capacity of the one injured, and other facts which might throw light upon the question and enable the jury to arrive at an approximately correct sum under all the facts and circumstances. The fact that the plaintiff in this case is a mere youth will not be allowed to have the effect to reduce his damages. On the contrary, it is a fact which would tend to increase rather than diminish them, since in all probability his journey through life as a permanent cripple and a possible dependent, is correspondingly lengthened. This court in a number of cases has sustained verdicts for larger sums where similar injuries were inflicted, and it has sustained as large or larger ones where the injuries were much less severe. In the case of L. & N. R. R. Co. v. Mitchell, 87 Ky. 327, a $10,000.00 verdict was upheld as not excessive, where the plaintiff lost his leg below the knee. The same sized verdict was upheld in the case of L. & N. R. R. Co. v. Popp, 96 Ky. 99, for a similar injury, except that the amputation was above the knee. In the case of L. & N. R. R. Co. v. Moore. 83 Ky. 675, a verdict for $9,000.00 was sustained for the loss of a foot. A $10,000.00 verdict was declared not to be excessive in the case of Cincinnati & South Covington St. Ry. Co. v. Weber, 26 Ky. L. R. 922, where the plaintiff, a child, lost its hand. A verdict for the same amount was upheld in the case of C. & O. R. R. Co. v. Davis, 22 Ky. Law Rep., 1156, where the plaintiff, a boy nine years old, lost his foot. In the case of C. N. O. & T. P. Ry. Co. v. Goode, 169 Ky. 102, a verdict for $12,500.00 was sustained as not being excessive, where the injuries only impaired plaintiff's foot and leg, the court saying:

"The injury sustained by appellee is practically equal to the loss of a foot or leg, and we have time and again approved recoveries for substantially a like amount as that awarded him for like injuries."

In the more recent case of L. & N. R. R. Co. v. Copley, 177 Ky. 171, plaintiff recovered a verdict for $12,000.00 for the loss of a leg and it was upheld on appeal, the court saying:

"Verdicts much larger, and for less impairing injuries will be found in the cases referred to." The cases to which the court referred are the Goode case, *supra;* C. N. O. & T. P. Ry. Co. v. Noland, 167 Ky. 11, and East Tennessee Telephone Co. v. Jeffries, 160 Ky. 483. In the light of these authorities there can be no serious contention that the verdict of $9,500.00 in this case is excessive, or, if so, that it is to such an extent as to cause the mind at first blush to conclude that it was returned under the influence of passion or prejudice on the part of the jury. It is only such excessiveness that will authorize a court to set aside the verdict for that reason. C. N. O. & T. P. Ry. v. Goode, *supra;* Louisville Railway Co. v. Bryant, 142 Ky. 159, and Louisville & Atlantic Railroad Co. v. Cox's Admr., 125 S. W. (Ky.) 1056.

Perceiving no error prejudicial to the substantial rights of the defendant, the judgment is affirmed.