## Mason v. Thomas W. Briggs Company.

(Decided June 21, 1927.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Appeal and Error.—Court of Appeals' decision on former appeal that petition stated cause of action is conclusive on such court no less than on circuit court.

2. Judgment.—Judgment overruling demurrer to petition is conclusive that, on facts stated therein, cause of action existed.

3. Judgment.—Facts not alleged in petition, but only appearing in opinion by way of argument, do not affect judgment overruling demurrer to petition.

4. Appeal and Error.—Where Court of Appeals decided on former appeal that petition stated cause of action to restrain. defendant from engaging in same or similar business within two years after termination of his contract with plaintiff, defendant cannot complain of second judgment restraining him from making future contracts, after completion of contract already made, until termination of such period, being concluded by former opinion.

PETER, LEE, TABB & KRIEGER for appellant.

BURNETT, BATSON & CARY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Thomas W. Briggs Company brought this action against F. L. Mason to restrain him from doing work in violation of a contract made with the plaintiff. A restraining order was issued by the clerk, restraining Mason from making new contracts in violation of his contract with the plaintiff, but not enjoining him from carrying out his contract already made with the Courier-Journal. To that order, which was continued in force by the court, both parties excepted and brought the case before a judge of this court. The motions of both parties were overruled without prejudice to the decision on the merits. The circuit court then sustained the defendant's demurrer to the petition and dismissed the action. The plaintiff appealed. On that appeal this court held that the petition stated a cause of action and reversed the judgment, with directions to the circuit court to overrule the demurrer. Briggs Co. v. Mason, 217 Ky. 269, 289 S. W. 295. On the return of the case to the circuit court Mason filed his answer, which in substance pleaded that there was nothing secret or unusual in plaintiff's business. The circuit court sustained the plaintiff's demurrer to the answer and entered judgment in favor of the plaintiff enjoining the defendant from future violations of the contract. He had then completed his contract with the Courier Journal. And so this branch of the case was not noticed in the judgment. Mason appeals.

The circuit court filed a written opinion giving the reasons for his conclusions, in which he said this:

"Defendant's answer denies that there is anything secret or unusual in plaintiff's business and insists that this constitutes a good defense. But I

think that in final analysis, the decision in Briggs Co. v. Mason, supra, must be considered as put upon the ground that plaintiff, since his Kentucky 'market' was wider than the city of Louisville, had the right to protect himself for a reasonable time, against competition by his employee in the whole of that wider territory, and irrespective of any special character which his business might have. I conclude, therefore, that the denials and averments of the answer, which are to the effect that plaintiff's business has no secret or special features, do not constitute a defense.

"In his answer, defendant goes outside the territorial limits of Kentucky in order to show the limited extent of plaintiff's business in other states in which defendant worked for him. This is done with a view to showing how unreasonable it would be to uphold this covenant, since to do so would exclude defendant from an immense territory in which plaintiff has done no business at all and consequently has no customers. But I think we must confine ourselves to the state of Kentucky. The jurisdiction of this court goes no farther than that and plaintiff asks no protection from this court beyond the boundaries of this state.

"This, then, is the situation: Defendant agreed that, during two years after the termination of his employment by plaintiff, he would not engage in a similar business, in any capacity, in any state in which he had done work for plaintiff. While in plaintiff's employ he worked for him in the city of Louisville in getting out a special edition of the Courier Journal. This brought Kentucky within the ban of the covenant. I thought originally that the covenant was too wide. I thought that plaintiff would have secured all of the protection to which he was entitled if he had required of defendant a covenant not to engage in a similar business in any city in which he had worked for plaintiff. But the Court of Appeals has taken a different view. It has said that, although the petition showed that plaintiff had no customer in the state of Kentucky except the Louisville Courier Journal, nevertheless the covenant was enforceable throughout the state; that since plaintiff's business was nationwide, 'little or no pro-

tection would be afforded the employer if the stipulation against engaging in business could be confined to narrow limits such as a single city or state.' This seems to me to settle the matter so far as I am concerned. While the Court of Appeals seems to have put some emphasis on knowledge gained by defendant of the supposed special and secret features of plaintiff's business, it also emphasized the acquaintance gained by defendant with plaintiff's customers, and this, I think, must be regarded as one of the bases, if not the only true basis, of the decision. If this be true, then the answer presents no defense. The opinion of the Court of Appeals does not suggest that the covenant may be cut down so as to restrain defendant from dealings only with actual customers of plaintiff. Upon the contrary, it clearly indicates that, where the employer's business or market is as wide as the territory covered by the covenant, then the covenant is enforceable throughout that territory no matter how limited may have been plaintiff's actual business within the territory.''

The decision of this court on the former appeal is conclusive on this court no less than the circuit court. It was then determined finally that the allegations of the petition stated a cause of action. The only right of action asserted was the restraining of the defendant from engaging directly or indirectly in the same or similar business in this state within two years after the termination of the contract. The judgment of the court overruling the demurrer to the petition is conclusive that on the facts stated in the petition the cause of action existed. The answer denies none of these facts. It denies certain facts stated in the opinion, but not alleged in the petition. These facts do not affect the judgment, for it rests upon the allegations of the petition, and these facts only appear in the opinion by way of argument. The defendant having completed his contract with the Courier Journal, the judgment only restrains him from making future contracts until the termination of the two years, which will expire next spring. He cannot complain of this, for as to this he is concluded by the opinion of this court on the former appeal.

Judgment affirmed.