## Commonwealth Life Insurance Company v. Goodknight's Administrator.

(Decided May 25, 1928.)

(As Modified on Denial of Rehearing November 2, 1928.)

### Appeal from Shelby Circuit Court.

1.  Appeal and Error.—In action on life policy, where answer alleged that insured had falsely answered questions as to whether he had cancer, finding of Court of Appeals on former appel that verdict for plaintiff, based entirely on testimony of physician that sarcoma and cancer were not substantially the same character of afflictions, was flagrantly against the evidence, became the law of the case on subsequent appeal.

2.  Insurance.—In suit on life policy, where answer alleged that insured had falsely answered question in application for policy as to whether he had had cancer, and it appeared that insured had been afflicted with sarcoma, physician's testimony that there was a distinction between sarcoma and cancer held to create a scintilla of proof requiring submission of case to jury.

3.  New Trial.—In action on life policy, where answer alleged that insured had falsely answered question as to whether he had had cancer, verdict for plaintiff held flagrantly against evidence, so that new trial should have been granted.

4. **Insurance.**—In action on life insurance policy, where answer alleged false answer in application for policy to question as to whether insured had had cancer, amended reply, which relied on fact that defendant company conducted substandard life insurance business, not stating that substandard company, writing substandard risks, would have accepted application wherein insured falsely denied he had been afflicted with cancer, did not meet allegation of answer, and permitting it to be filed was error.

TODD & BEARD and BURNETT, BATSON & CARY for appellant.

GILBERT, PICKETT & MATTHEWS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This is the second appeal of this case. The opinion on the first one is reported in 212 Ky. 763, 280 S. W. 123, and reference is made thereto for a statement of the facts upon which appellant (defendant below) relied in defense of the action. It will be noted that there is involved the right of the widow of Philip Goodknight, as beneficiary in a life insurance policy for $1,000 that defendant issued upon the life of her husband, to recover judgment thereon. At the first trial there was a verdict and judgment for plaintiff which the opinion referred to reversed for reasons stated therein. After the filing of the mandate from this court, plaintiff, over the objections and exceptions of defendant, filed an amended reply, in which it was alleged, in substance, that defendant was what is known as a "substandard" company, and accepted and issued policies upon substandard risks, and, in accepting such risks, it would have, in the usual and ordinary course of dealing of substandard companies, accepted the involved risk and issued the policy sued on if the false answer in the application and relied on in defense had not been made: i. e., if the deceased had affirmatively stated that he had been afflicted with cancer or tumor instead of giving a negative answer to that question. That pleading was controverted, and upon trial there was another verdict for plaintiff, and, defendant's motion for a new trial having been overruled, it prosecutes this appeal.

In briefs of counsel for defendant a number of alleged errors are relied on as grounds for reversing the judgment, but the chief ones are: (1) Error of the court in overruling defendant's motion for a directed verdict in its favor; (2) that the verdict is flagrantly against the evidence; and (3) error in permitting the amended reply

to be filed, and in the admission of testimony in support· thereof.

It was indisputably proven (all of which is shown in the former opinion), that the insured, some few years before obtaining the policy, was afflicted with sarcoma in one of his eyes, and on account of which it was removed, and after that he applied for and obtained the policy in contest. Following that he developed sarcoma of the liver, from which he died. It was furthermore shown that he had a brother who passed through almost the identical experience, and that insured was more or less apprehensive that he would be similarly afflicted. Plaintiff introduced Dr. E. S. Allen, the substance of whose testimony was that sarcoma and cancer were not substantially the same character of afflictions, and he attempted to outline the difference between the two, which was that cancer appeared on the surface of the part of the body so afflicted, while sarcoma made its appearance below the surface and developed from that point. He, however, testified that both of them were equally malignant, and that they each were the same in their tendency to return, although the later appearance might be on a different part of the body. A number of other physicians testified for defendant at the trial, including those making a specialty of such growths, and with one accord they testified that sarcoma was a species and one of the divisions of the general term ''cancer.''

Upon this issue as to the falsity of the answer given by insured in his application, and in which he denied, among other things, that he had never had ''cancer or any tumor,'' plaintiff introduced a local physician, who furnished slight and remote testimony as to the truthfulness of that answer, and which we held in the former opinion constituted a scintilla of proof, authorizing the submission of the case to the jury under an instruction outlined in that opinion. The evidence for plaintiff on that issue at the last trial was not different in kind, and but slightly, if any, different in degree. While defendant strengthened its testimony as to the falsity of the answer, we are not prepared to say that the testimony as a whole upon the last trial removed the scintilla authorizing the submission of the case that was found to exist in our first opinion, and for that reason it cannot be said that the court erred in overruling defendant's motion for a peremptory instruction in its favor. Ground (1), there-

fore, must be denied, for the all-sufficient reason, if none other existed, that the first opinion is the law of the case.

From what has been said it is manifest that ground (2)—i. e., that the verdict was flagrantly against the evidence—is meritorious and should be sustained. In truth and in fact, the record furnishes only the barest scintilla of proof sustaining the truthfulness of the answer of the insured in his application that he had never had any tumor, whatever else may be said as to the truthfulness of the answer concerning cancer, and we find no substantial difference in the testimony, upon such issues heard at the last trial, and that heard at the first one, and the court erred in not sustaining the motion for a new trial upon this ground.

The amended reply, relying on defendant conducting a substandard life insurance business, and forming the basis of ground (3), failed to aver facts sufficient to avoid the defense relied on in the answer—i. e., false answers by decedent in his application for the policy—since it did not state that a substandard company writing substandard risks would have accepted an application wherein insured denied that he had been affiliated with cancer, when in truth and in fact he had been. In other words, it was not made to appear by that pleading that even substandard companies would accept a risk so far below the standard risk as to include one who had been afflicted with cancer. Neither did it aver, as the proof clearly developed, that defendant, in accepting this particular risk, followed the course of substandard life insurance business by exacting and demanding a correspondingly larger premium. On the other hand, the proof without contradiction was that even a substandard company would not accept and issue a policy upon a risk where the applicant falsely answered that he had never been afflicted with cancer, when in truth and in fact he had been so afflicted. Practically the only difference, as appears from the evidence, between a standard life insurance company and a substandard one, is that the latter will sometimes accept risks that the former would not, where and when the risks were substandardized only in the particulars of physical development, such as great disproportion of height to the weight of applicant, and other differences of inharmonious physical development, and it does not include vital facts affecting the applicant's physical health. But, however much farther than that a sub-

standard company might go in writing life insurance contracts, it is unnecessary to inquire, since there was absolutely no testimony tending to prove that, if defendant had charged and collected a substandard premium, either it or any other substandard company in the usual practice and ordinary course of conducting such business, and by exacting the increased premium, would accept a risk where the applicant had falsely answered that he had not been afflicted with cancer. Since the amended pleading of plaintiff was insufficient to create liability on defendant if the decedent made the false answer complained of in his application for the policy, even though defendant was a substandard company and accepted this risk as a substandard one, it follows that the court erred in permitting the pleading to be filed and in admitting the introduction of the testimony upon the issue sought to be raised by it.

We notice in the testimony, a large portion of which was taken by depositions and which were read on both trials, that the witnesses were permitted to answer the very question that the jury was impaneled to try, and which the first opinion said was error; but whether that error was repeated on the last trial we are unable to say, from the fact that the same depositions were read. While not so explicitely expressed, our first opinion in effect determined that the only issue in this case is: Whether sarcoma is a species of any one of the general divisions of the human affliction known as cancer? If that question required an affirmative answer, then the peremptory instruction should be given; otherwise not.

For the reasons indicated, the judgment is reversed, with directions to grant the new trial and for proceedings consistent with this opinion. Whole court sitting.