## Commonwealth Life Insurance Company v. Goodnight's Administrator.

(Decided October 21, 1930.)

TODD & BEARD and BATSON, CARY & WELCH for appellant.

GILBERT, PICKETT & MATTHEWS for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The Commonwealth Life Insurance Company appeals from a third verdict against it in an action upon

a life insurance policy. Upon the first appeal it was contended (1) that a peremptory instruction for it should have been given to the jury, (2) that the verdict was not sustained by the evidence, (3) that the court erred in the admission and rejection of evidence, and (4) that the instructions were erroneous. It was held upon that appeal that the evidence was sufficient to take the case to the jury, but the judgment was reversed upon the other grounds assigned. Commonwealth Life Ins. Co. v. Goodnight's Adm'r, 212 Ky. 767, 280 S. W. 123.

Upon the second appeal the right to a reversal of the judgment against the company was rested upon three grounds, which are stated in the opinion. They were (1) alleged error of the court in denying a motion for a directed verdict in favor of the company, (2) refusal to grant a new trial on the ground that the verdict was palpably against the evidence, and (3) a ruling respecting matters introduced by an amended reply. It was again held that the motion for a peremptory instruction was properly denied, but that the verdict was flagrantly against the evidence, and that the amended reply should not be allowed. A new trial was ordered. Commonwealth Life Ins. Co. v. Goodnight's Adm'r, 225 Ky. 688, 9 S. W. (2d) 1013.

Upon the present appeal it is argued again that a peremptory instruction for the appellant should have been given. The argument is fallacious for at least two reasons. In the first place the evidence is the same as it was on the former appeals and is sufficient to require submission of the case to the jury. The holding of this court to that effect upon the former appeals is conclusive of the question, not only upon the trial court, but upon this court as well. Right or wrong, it constitutes the "law of the case." Louisville & N. R. Co. v. Rowland's Admr., 227 Ky. 841, 14 S. W. (2d) 174; Mason v. Thomas W. Briggs Co., 221 Ky. 127, 297 S. W. 1106; Metropolitan Life Ins. Co. v. Penick, 227 Ky. 490, 13 S. W. (2d) 496; Fletcher American Co. v. Culbertson, 228 Ky. 734, 16 S. W. (2d) 175.

As to the insistence that the present verdict is palpably against the evidence, a different question arises. The Civil Code of Practice, sec. 341, forbids the granting of more than two new trials to a party upon the ground that the verdict is not sustained by the evidence. It is immaterial that the new trials were granted on the mandate

of this court, or that other errors of law also were present in the record and were made grounds for the reversal. Cumberland Railway Co. v. Girdner, 184 Ky. 375, 212 S. W. 105.

Under our system of procedure, in cases of this character, questions of fact must be decided ultimately by a jury, and, when three juries have found verdicts contrary to the conception of this court as to the weight of the evidence, the law compels the court to yield its opinion to the judgment of the jury. Louisville & N. R. R. Co. v. Graves' assignee, 78 Ky. 74. The subject is sufficiently treated in former opinions and requires no further elaboration. Louisville & N. R. Co. v. Daniel, 131 Ky. 689, 115 S. W. 804, 1198, 119 S. W. 229; Wall v. Dimmitt, 141 Ky. 715, 133 S. W. 768.

The complaint that the trial court erred in permitting incompetent evidence to be introduced is without any basis in the record. The transcript discloses that no evidence was admitted over appellant's objection. The plaintiff's attorney apparently read from the record certain questions, but the objections of defendant, in every instance were sustained, and it asked nothing more.

The complaints of appellant on the present appeal are effectually foreclosed by the opinions of this court on the former appeals, and by the application of the prohibitory provision of section 341 of the Civil Code of Practice. It is not open to the appellant to reargue, or to this court to reconsider, the merits of those opinions.

"The Moving Finger writes, and having writ, moves on, nor all your piety nor wit can lure it back to cancel half a line." Pickrell v. Wilson, 217 Ky. 430, 289 S. W. 1100.

The judgment is affirmed.