(99 App. Div. 551)

PREDMORE v. CONSUMERS' LIGHT & POWER CO.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—WARNING OF DANGER.

The fact that an electrician, killed by an electric shock received while he was endeavoring to put out some incandescent lights, saw another attempt to turn out the lights and draw back on account of the shock received, which, however, was not serious, did not render him guilty of contributory negligence, as a matter of law, in endeavoring to turn out the lights.

2. SAME—INSTRUCTIONS.

A response to a request to charge that, if deceased's negligence contributed in the slightest degree to the accident, plaintiff could not recover, wherein the court stated that, if deceased's negligence contributed at all, it would defeat the action, was not erroneous in emphasizing the word "contributed."

3. DAMAGES—WRONGFUL DEATH—NOMINAL DAMAGES.

It is error to direct a jury to find only nominal damages in an action by a parent for wrongfully causing the death of an adult child.

4. SAME—PARENT AND CHILD—DEATH OF CHILD—DAMAGES TO PARENT—INSTRUCTION.

In an action by a father 65 years of age, and in comfortable circumstances, for the death of a son 21 years of age, unmarried, of good habits, and earning $10 per week, a charge on the measure of damages that the question was one of how much plaintiff would, in all human probability, have received in the way of pecuniary benefit from his son, had he lived, in determining which the jury would consider that the son might have married, that his health might have failed, and that his father was in comfortable circumstances and might not have required aid, and during the course of which the court stated in a colloquy with counsel that, whatever it might be called, it was a matter of speculation, and for the exercise of the sound discretion of the jury, was not erroneous or misleading.

Appeal from Trial Term, Orange County.

Action by Condit M. Predmore, as administrator of Harry B. Predmore, against the Consumers' Light & Power Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

L. Sidney Carrere, for appellant.
Thomas Watts, for respondent.

WILLARD BARTLETT, J.  The defendant corporation maintains an electric lighting plant in the city of Middletown, furnishing lights under the incandescent system and the arc system.  For the maintenance of incandescent lights the necessary voltage is only 110, while the arc wire carries 2,300, volts.  The plaintiff's intestate was killed by a shock of electricity received while he was endeavoring to put out some of the incandescent lights upon a chandelier in front of the bar in a café upon West Main street, in the city of Middletown, on the evening of January 22, 1902.  There was evidence tending to show that the electric current which caused his death proceeded from one of the defendant's arc wires, which had come in contact with the wire intended for incandescent lighting only.  There was also proof in the case warranting a finding by the jury that such contact was due to improper construction shortly before the accident; that is to say, the testimony indicated that the wire for incandescent lighting and the wire for arc lighting had been placed so close to one another as to be dangerous in the first instance, or as to be likely to become dangerous under weather conditions reasonably to be expected.

It is earnestly insisted that the deceased, who was himself an electrician, was shown to have been guilty of contributory negligence; but I think that this question, also, was properly left to the jury.  It is true that he had seen the proprietor of the café attempt to turn out the lights on the chandelier, and had seen him draw back on account of the shock received.  On the other hand, it is to be observed that the deceased must have noticed that this shock had not produced any serious effects; and it cannot be held, as a matter of law, that he was at fault for supposing that he could turn out the lights himself without risk of fatal injury.

On the question of contributory negligence, counsel for the defendant asked the learned trial judge to charge that, if the deceased's negligence or want of ordinary care contributed in the slightest degree to the accident, the plaintiff could not recover.  The record shows the following response to this request:

"The Court: If it contributed to any extent. It must have been a neglect of ordinary prudence—ordinary caution. (To the jury:) You have no right to inquire how largely that negligence, if it existed, contributed. If it contributed at all, then it would defeat the action. But the negligence itself must have been of the character that I have already described—a neglect of ordinary caution. If there was any negligence on his part, such as has been urged upon you, that would defeat the action. It is for you to say whether his conduct was negligent or not. Mr. Carrere: Under all the circumstances? The Court: Yes."

It is conceded in the brief for the appellant that the foregoing language of the court cured any error there might have been in the principal charge upon the subject of contributory negligence, if it were not for the emphasis laid on the word "contributed." I am unable to perceive how such emphasis could have injured the defendant, inasmuch as it is certainly true that any negligence on the part of the deceased was wholly immaterial unless it tended to bring about the injury which gave rise to the action.

The verdict was $2,000. It is contended that this amount is excessive, because, under the circumstances, nominal damages only should have been awarded, and because the court erred in instructing the jury as to the measure of damages. The deceased was the son of the plaintiff, and at the time of his death was 21 years of age, and was earning $10 a week. He lived with his father, who was a merchant in Middletown, 65 years of age at the time of the accident. The son was a young man of good habits, sober and industrious. He was unmarried, and the amount of the recovery in this action would go wholly to the father, as the sole next of kin. In view of these facts, counsel for the defendant asked the court to charge that the plaintiff had failed to show any pecuniary damage, and therefore could not recover anything but nominal damages. This request was refused, and an exception was duly taken. The case of Ihl v. Forty-Second Street, etc., R. Co., 47 N. Y. 317, 321, 7 Am. Rep. 450, is authority for the proposition that it is error to direct a jury to find only nominal damages in an action for wrongfully causing the death of a child of tender years. I cannot see why such a direction would not be equally objectionable where the victim of the defendant's negligence is an adult.

In reference to the amount recoverable, if there was to be any recovery at all, the learned trial judge told the jury that the statute allowed only fair compensation for the pecuniary loss suffered —meaning thereby the loss of money or money's worth—and he continued as follows:

"Although the action is maintained by the plaintiff as administrator, he maintains it for his own benefit, and his own benefit entirely. It is just a question of how much, in all human probability, the plaintiff would, in the course of his life, have received in the way of pecuniary benefit from his son if he had lived. Nobody can lift the curtain of the future and see what is behind it. Nobody knows whether this young man would have lived another year. If he had lived, you would have to consider whether he would have married and had a family of his own; whether his duties and obligations in that direction would have been likely to consume any means that he might have acquired? You have got to consider that his father was in comfortable circumstances. The father's need to call upon his son at all should be considered, in view of the fact that he is himself a man of considerable means. The young man's health might have failed if he had lived, and the father himself might not have lived to a time when he would require any aid from his son. You can see that there are a thousand peradventures about it. You must consult your experience in human life. How is it generally between a father and a son? Here was a son twenty-one years old. The father is advanced in years. How much money or money's worth do you think, on your oaths, this plaintiff, this father, would have received from his son if he had lived? That is the measure of all the recovery that you are entitled to give the plaintiff. You must discard all sympathy. If you do not, you will do injustice. You must confine yourselves absolutely to what, in your conservative judgment, it can fairly be said that this plaintiff would, in all human probability, have received in the way of money or money's worth from his son if he had lived."

At this point counsel for the defendant excepted to the whole charge on the question of damages on the ground that it was permitting the jury to speculate and to conjecture, when there was no evidence upon which they could base any damages in the case,

whereupon the following colloquy took place, as set out in the record:

"The Court: By reason of the fact that nothing can be known about the future—call it whatever name you like—it is speculation. It is speculation, no more and no less, in all these cases. The courts may say what they please about there being no right to speculate. It is one of the cases in which they have to speculate or find a verdict for the defendant. The future is altogether unknown. Mr. Carrere: On that ground I ask you to direct a verdict for the defendant. The Court: No. (To the jury:) It is like all these cases, gentlemen. It is a matter for the exercise of your sound discretion as to what will be a fair compensation to the plaintiff for any pecuniary loss he has sustained by reason of his son's death."

Considering together all that the court said on the subject of damages, it does not seem to me that any error was committed, or that the jury could have been misled. As was said by Finch, J., in Houghkirk v. President, etc., D. & H. C. Co., 92 N. Y. 219, 225, 44 Am. Rep. 370, the damages to the next of kin by reason of the loss of a human life are necessarily indefinite, prospective, and contingent. "They cannot be proved with even an approach to accuracy, and yet they are to be estimated and awarded, for the statute has so commanded. But even in such case there is and there must be some basis in the proof for the estimate, and that was given here, and always has been given. Human lives are not all of the same value to the survivors. The age and sex, the general health and intelligence, of the person killed, the situation and condition of the survivors, and their relation to the deceased— these elements furnish some basis for judgment. That it is slender and inadequate is true, but it is all that is possible; and, while that should be given, more cannot be required."

The case of Birkett v. Knickerbocker Ice Co., 110 N. Y. 504, 18 N. E. 108, is an additional decision to the effect that the authorities in this state would not justify a ruling that nominal damages only could be recovered in this class of cases; and, as to the instruction that the assessment of damages in cases of this character must always be to some extent speculative, reference may be made to Etherington v. Prospect Park & Coney Island R. Co., 88 N. Y. 641, where a charge was sustained in which the jury were instructed that there was no way to ascertain mathematically what the damage would be, and that it necessarily must be, to a great extent, speculative. "The proof may be unsatisfactory," says Earl, J., in Lockwood v. N. Y., L. E. & W. R. Co., 98 N. Y. 523, 527, "and the damages may be quite uncertain and contingent, yet the jurors in each case must take the elements thus furnished, and make the best estimate of damages they can."

In addition to the general rule laid down in the authorities which have been cited, we may find a precedent closely resembling the case at bar in Bierbauer v. N. Y. C. & H. R. R. Co., 15 Hun, 559, in which the General Term of the Third Department refused to interfere with a verdict of $5,000 where the deceased was about 21 years old, and his father, about 65 years of age, was his next of kin, and alone entitled to compensation under the statute. It is true that Mr. Justice Bockes, who wrote the opinion, was in favor

of a reduction of the verdict, but he was overruled in this respect by his associates. I advise an affirmance of the judgment and order under review.

Judgment and order affirmed, with costs. All concur.