## The Illinois Central R. R. Co. v. Mayes.

(Decided February 21, 1911.)

### Appeal from Graves Circuit Court.

1.   Railroads—Gross Negligence—When Recovery for—Ordinary Negligence.—As to employes in a different department of the service, ordinary negligence may be, and frequently is, held sufficient to justify a recovery, but as between employes associated together a different rule is applied, and in such cases no recovery can be had except the negligence be gross.

2.   Same—Verdict Authorized by the Evidence.—While the jury were authorized by the instructions to award punitive damages if they found the negligence gross, they allowed only for compensation, and for this reason the question as to whether the instruction was authorized is not passed upon.

TRABUE, DOOLAN & COX, C. F. SIVLEY and ROBBINS & THOMAS for appellant.

STANFIELD & STANFIELD for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This is an appeal from a judgment of the Graves circuit court, awarding appellee $1,999 for injuries sustained through the alleged negligence of other employes of the appellant company. The facts out of which the

litigation grows, are as follows: The plaintiff, a negro man, fifty-four years of age, was, on October 26, 1909, as one of a special gang of section men, engaged in gauging and spiking the track at a point near Kevil's Mill in Mayfield, a short distance north of the passenger depot. About ten o'clock in the day four or five carloads of cinders were hauled in by a local freight train from Paducah. These cars were to be unloaded on the track at or near the place where the work was being done by the crew of which appellee was a member. Upon being placed on the main track the engine was cut loose from the cars containing the cinders, and the plaintiff and other members of his crew were ordered by the section foreman under whom they were at work to unload the cars with shovels. This they proceeded to do. While he was on the car engaged as indicated, an engine was bumped into the cars for the purpose of dislodging the cinders, after the sides of the cars, which were on hinges, had been opened. When the engine struck the car, but little, if any, warning was given that it was going to do so, and it appears reasonably certain from the evidence that appellee did not get this warning until just at the moment of the impact, when someone shouted "look out." He tried to save himself by grabbing to the side of the car, but was thrown so violently that, although he caught the side of the car, his hold was broken loose and he fell on his back upon an iron piece or bar in the bottom of the car, producing the injury complained of. Thereafter he underwent a surgical operation for strangulated hernia, which confined him to his bed for some weeks, and, at the date of the trial, he was still complaining of the effects of the injury.

Considering the fact that he had been compelled to go to an expense of $205 for medicine and medical treatment, and had lost three months' time, for which he sought to recover $95 (leaving but $1,699 as compensation for his pain and suffering and the permanent impairment of his power to earn money) it is apparent that the claim on the part of appellant, that the verdict is grossly excessive, can not be seriously considered. In fact, according to the weight of the testimony, the injury for which appellee had to undergo the operation was a serious one; and that he has suffered greatly because thereof, there is no room for doubt. As it is apparent that he will hereafter suffer and be greatly incon-

venienced because of this injury, we are further of opinion that the damages awarded were not more than strict compensation, and although authorized by the instruction, if they found the negligence gross, to award punitive damages, the jury allowed only for compensation.

Appellant complains of the instructions on the measure of damages, and insists that in the form given it permitted the jury to award double damages, in authorizing a recovery for such time as the appellee has lost and it was reasonably certain he would lose, and also for the permanent impairment of his power to earn money, and cites and relies upon the case of the Blue Grass Traction Co. v. Ingalls, 140 Ky., 488. In that case it is expressly stated that if an instruction along the line indicated in his brief by appellant is desired, it must be requested. No such request was made, and hence the failure of the court to give this instruction can not be relied upon as reversible error.

Appellant's most serious contention is that the court permitted the plaintiff to recover for the failure on the part of the appellant's servants in charge of the work to exercise ordinary care for his safety. Whereas, it is most earnestly contended, no recovery could be had under such circumstances, except for the failure to exercise slight care, i. e., except for gross negligence. As between employes associated together in the conduct of the work, the principle contended for by appellant has been frequently applied, and in such cases no recovery can be had except the negligence be gross. But as to employes in a different department of the service, ordinary negligence may be, and frequently is held to be sufficient to justify a recovery. In L. & N. R. R. Co. v. Brown, 127 Ky., 732, this rule is thus stated:

"But when the servant is injured by employes of the same master, who are not directly associated with him, and with whom he is not immediately employed, and whose qualifications for the place they occupy he has no means of knowing, and in whose selection he has no voice, and over whose conduct and actions he has no control, and against whose carelessness and negligence he can not protect himself, he may recover damages from the master for injuries received through their negligence, whether it be ordinary or gross, and without any reference to the position or place the servant causing the injury holds."

Here the negligence, if any, consisted in the bumping of the engine into the cinder car without giving timely or sufficient notice to enable appellee to protect himself from injury. Appellee was a member of a section gang and was in nowise connected with the operation of the engine or the train, but was engaged in an entirely different department. Hence, he may recover for ordinary negligence, if only ordinary negligence is shown. But upon a consideration of the entire record in this case, we are of opinion that the jury would have been warranted in finding the negligence gross. For the section foreman testifies that the proper and usual way to unload these cars is to set the brake and then have the engine move five or six feet away and bump into the cars and shake them so that the cinders will fall therefrom. According to his testimony, when the bumping is properly done the cars are not moved at all, the brakes being set; but here the bump was so hard that, although the brakes were set, the cars were moved from six to thirty feet, the testimony of the witnesses varying. Hence, the plea that the bump was unusual, violent and unnecessary is supported by an abundance of proof. Had the bump been no heavier than the foreman says was usual, no injury would have resulted.

We do not pass upon the question as to whether or not the punitive damage instruction was authorized, for we are satisfied that no more than compensation was allowed, and such instruction was not prejudicial.

Judgment affirmed.