## Nashville, Chattanooga & St. Louis Railway Company v. Banks.

(Decided February 18, 1916.)

### Appeal from McCracken Circuit Court.

1. Appeal and Error—Former Opinion—Questions Considered Adversely, Decided.—Where, upon the first appeal of a case, the opinion does not contain any notice of errors relied upon for reversal, and these same alleged errors appear and are relied upon for reversal upon a second appeal of the case, they will be considered as having been decided adversely to the contention of the appellant upon the first appeal.

2. Damages—Personal Injuries—Impairment of Earning Power.—Where, in a suit for damages for personal injuries, the complainant seeks special damages for loss of time on account of his injuries, and, also, damages on account of the permanent impairment of his power to earn money, the court should, if requested, direct the jury to assess the allowance for the permanent impairment of his power to earn money, to begin at the point where the allowance for his loss of time ends, but the failure of the court to make such direction is not reversible error, in the absence of a request to do so.

WHEELER & HUGHES and CLAUDE WALLER for appellant.

W. MIKE OLIVER, SAMUEL A. ANDERSON and JOSEPH R. GROGAN for appellee.

Opinion of the Court by Judge Hurt—Affirming.

This is the second appeal to this court from a judgment of the McCracken Circuit Court, in favor of the appellee against the appellant. Upon the first trial of the case the appellee recovered a judgment against appellant for the sum of $20,000.00. Upon appeal to this court the judgment was reversed and the case remanded for another trial. The opinion upon the former appeal may be found in 156 Ky., 609. The facts of the case are set out in the former opinion, and it will be unnecessary to more particularly state them.

Upon the second trial of the case in the circuit court the jury returned a verdict in favor of the appellee for the sum of $16,500.00 in damages. The appellant's motion and grounds for a new trial being overruled, it has again appealed and it now insists that the judgment ought to be reversed for the following reasons:

First: The verdict is excessive.

Second: The verdict is not sustained by sufficient evidence and is contrary to law.

Third: The court erred to the prejudice of the appellant in giving instructions 1, 2, 3, 3, 4, 5, and 6.

Fourth: The court erred to the prejudice of appellant in admitting incompetent evidence.

Fifth: The court was in error in proceeding with the trial of the case while a suit by the appellee against the appellant, on account of the same matters in controversy in this suit, was pending in the Federal Court at Memphis, Tennessee.

The evidence upon the last trial is substantially the same as that given upon the first trial. The evidence shows that the appellee was a stout, healthy young man, and at the time earning from $75.00 to $85.00 per month, and the negligence of which he complained resulted in the loss of both his hands. One was taken off at the wrist and the other arm was removed just below the elbow. These injuries necessarily incapacitates the appellee from doing any kind of labor or pursuing with profit any kind of employment, and rendered him unable to even take his meals. His injuries are necessarily permanent and from the effects of which there can be no relief during life. This statement of the facts necessarily removed, without further comment, any objection to the verdict of the jury upon the ground that it was excessive or appeared

to have been caused by any passion or prejudice on the part of the jury.

As to the second and fifth grounds for reversal relied upon, they were relied upon upon the first appeal of this case, and while they were not adverted to in the opinion rendered, they were brought to the attention of the court upon that appeal. The judgment was not reversed on account of the alleged errors embraced in the second and fifth grounds for reversal mentioned, but were presented to the court, upon the appeal and must now be considered as *res adjudicata,* and as having been decided adversely to the appellant upon the former appeal. The rule long since established in this court is, that where the first opinion does not contain any notice of errors relied on for reversal by the appellant, if these same errors appear upon the second appeal and are relied on for reversal, they will be considered as having been decided adversely to the contention of the appellant upon the first appeal. Dupoyster v. Fort Jefferson Improvement Co., 121 Ky., 518; Springfield v. Louisville Railway Co., 130 Ky., 468; Wall's Exor. v. Dimmitt, 141 Ky., 715; Stewart's Admr. v. L. & N. R. R. Co., 136 Ky., 717; Illinois Life Insurance Co. v. Wortham, 119 S. W., 802; U. S. Fidelity & Guaranty Co. v. Blackley, Hurst & Co., 27 R., 392; Langhorn, Johnson & Co. v. Wiley, 28 R., 1186, 115 S. W., 759.

We find no error on account of the admission of incompetent evidence upon the trial, and no error of such character is insisted upon by appellant or pointed out to the court.

Instructions 1 and 2, given by the court upon the last trial, are the same as instructions 1 and 2 given by the court upon the first trial, and are expressly approved in the opinion upon the former appeal.

Instruction No. 3 given upon the last trial is the same instruction as that given upon the first trial, except upon the last trial it was modified as directed by this court in its former opinion, and while in one respect it does not use the same language as was directed by the former opinion in this case, it is substantially the same in meaning and no prejudice could have resulted to appellant on account of it. The contention is now made that the instruction permitted the appellee to recover special damages on account of the time necessarily lost by him on account of his injuries and that the instruction permitting

him, to recover on account of the injuries diminishing his power to earn money, did not direct the jury to assess his recovery on account of the diminution of his power to earn money to begin at the point where his recovery for his loss of time ended. This court has held that in a case where special damages are sought for loss of time, and, also, damages for partial or permanent injury, which is, as the consequence, the impairment of the power to earn money for any length of time, the court, if requested, should direct the jury that any allowance made to the complainant for the impairment of his power to earn money should begin, at the point of time, where the allowance is made him for loss of time on account of the disability ends. Illinois Central Ry. Co. v. Mays, 142 Ky., 382; Blue Grass Traction Co. v. Ingles, 140 Ky., 488; C. & O. Ry. Co. v. Shaw, 168 Ky., 537. In the case at bar the appellant made no request of the court that it should direct the jury that the allowance made appellee for the impairment of his power to earn money should begin at the point where the allowance made to him, if any, for loss of time ended, and for that reason the giving of the instruction, as the court below gave it, was not prejudicial.

The amount of special damages for loss of time on account of his injuries was laid by the appellee at the sum of $600.00, and if the jury found any sum for him on that account, it could not have been, under the instructions of the court, in excess of the sum of $600.00, and while appellant's motion for a new trial was pending before the trial court, the appellee filed a remitter of the sum of $600.00 from the amount of the verdict found for him, and the court thereupon rendered judgment in his favor for $15,900.00. instead of $16,500.00, in accordance with the verdict of the jury. So, if the instruction, in the form in which it was given, if erroneous as to the items of damages, it was cured by the remission of the entire sum which appellant could be possibly awarded under the instruction for loss of time.

Instruction No. 4 defining contributory negligence and the duty of the jury in regard thereto, if it was of the opinion that the appellee was guilty of negligence, which contributed to the cause of his injuries, substantially embraced the law upon that subject. While this instruction is not in the same language of the one approved by this court (C., N. O. & T. P. Ry. Co. v. Goode, 163 Ky., 60),

it is the same instruction which was given by the court in the case of Ernest v. Norfolk & Western Ry. Co., 229 U. S., 114, after being modified in accordance with the opinion of the Supreme Court of the United States in the case, *supra,* and the case, at bar, is one prosecuted under the provisions of the Federal Employers' Liability Act.

It is insisted that the court below was in error because it failed to define the duties of the appellee in regard to the care which he should take of himself in the execution of his duties as a brakeman, but we are of the opinion that instructions 5 and 6 given by the court were in substantial compliance with the law of the case, as defined by this court upon the former appeal. Instruction 5 is in the exact language as directed by the former opinion in this case.

There being no error found to the prejudice of the substantial rights of the appellant, it is therefore ordered that the judgment appealed from be affirmed.