## Kentucky Power Company v. Kurtz.

(Decided May 9, 1930.)

170

M. J. HENNESSEY for appellant.

M. HARGETT and BERNARD COUGHLIN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Bailey Kurtz, a man 26 years of age, recovered a judgment for $5,635 against the Kentucky Power Company, for injuries resulting to him from the alleged negligence of it, and it appeals.

The Kentucky Power Company had and maintained in and about the village of Germantown, Ky., wires carrying currents of electricity at a voltage of 13,600, which were reduced by means of a transformer to a voltage of 2,300, and this current in its turn was reduced by another transformer to a voltage of 110, at which potentiality this current was by wires led into and distributed through a garage known as Dillon's garage, whereat Bailey Kurtz was working as a mechanic on July 6, 1926.

In this work Kurtz was using a light supplied with current by means of what is referred to as a drop cord, and at the time of the accident Kurtz was engaged in making repairs upon an automobile. He put the light down to get a tool of some kind, and on returning to his work, he says he saw "a spark on the cord." He said he had noticed similar sparks on the cord before and had used it without injury to himself, and hence on this occasion he thought nothing of the matter and picked up the cord, whereupon he was severely shocked and burned, as a result of which he had a hospital experience, for which and for medicine and medical and surgical attention he

expended $275. He was earning then $2 per day and claims to have lost six months' time, or $360, in wages. Kurtz is a left-handed man, and as a result of this accident he lost two fingers on his left hand and the others are much impaired, his feet were burned and one toe almost burned off; there were other burns on various parts of his body, and he is now nervous as a result of the shock and the injuries he thus received.

It is claimed this happening was the result of the lightning striking these primary wires, going through these two transformers, damaging them and thus bringing into this garage. the high-voltage current which inflicted these injuries on Kurtz.

Kurtz claims the company failed to provide proper lightning arresters and that such failure caused this accident. The evidence on this score was conflicting, and that was a question for the jury. The company asks for a reversal for alleged errors of the court in instructing the jury.

### Contributory Negligence Question.

The court left this question to the jury by an instruction which told the jury that even though the company was negligent, Kurtz could not recover if he failed to use ordinary care for his own safety in picking up the light cord, when he knew or had reasonable grounds to believe it was charged with a dangerous current of electricity.

The company insists this was error and that Kurtz was guilty of contributory negligence as a matter of law in picking up this light cord after he saw "a spark on the cord," and that the court should have sustained its motion for a directed verdict in its favor.

In support of this contention the following cases are relied on: City of Owensboro v. York's Adm'r, 117 Ky 294, 77 S. W. 1130; Lewis' Adm'r v. Bowling Green Gaslight Co., 135 Ky. 611, 117 S. W. 278, 22 L. R. A. (N. S.) 1169; Capital Gas & E. L. Co. v. Davis' Adm'r, 138 Ky. 628, 128 S. W. 1062; Bowling Green G. L. Co. v. Dean's Ex'x, 142 Ky. 678, 134 S. W. 1115; Minneapolis G. E. Co. v. Cronon (C. C. A.) 166 F. 651, 658, 20 L. R. A. (N. S.) 816.

All of these are outside wiring cases, except the last one, and in it the cord attached to a drop light had become so heated it had set. fire to the wall against which it hung. The court there held a directed verdict should

have been granted and said: "If the deceased took hold of the live wire to disengage it from the wall, it was both a voluntary and reckless act, and the maxim volenti non fit injuria would apply." There was in that case such notice of danger that an ordinarily prudent man would not have taken hold of the wire.

Wires used for transmission of electricity along highways and streets usually carry currents of high voltage, the danger from contact therewith being so well known that, ordinarily, persons voluntarily coming in contact therewith are held to be chargeable with such want of care as to cause courts to hold they are guilty of contributory negligence as a matter of law; but it is well known that means are used by which the voltage, of such current, is reduced before it is allowed to enter houses, shops, stores, etc., and that the wires by which it is carried and transmitted therein, ordinarily, are harmless, hence we would expect to find, and we do find, cases involving injuries received from contact with such interior wiring where courts hold a person is not guilty of contributory negligence as a matter of law in voluntarily coming in contact with interior wiring and appliances. See Curtis on Electricity, p. 820, sec. 540.

There are circumstances, however, which may charge a person with notice that such wires are charged with a current of dangerous intensity, and one voluntarily taking hold of a wire, when he has notice of and appreciates the probable danger of so doing cannot recover for resulting injuries he may sustain.

Did Kurtz have such notice in this case? He says he saw "a spark on the cord," but was that notice to him that this wire was then charged with a current of dangerous intensity? Kurtz says the light was still burning and he thought he could handle it and it would not hurt him.

The power company contends that what Kurtz did, after what he saw, was such contributory negligence as to entitle it to a directed verdict. It was the duty of Kurtz to exercise for his own saftey that degree of care which an ordinarily prudent person would have exercised under the circumstances, and knowledge or appreciation of danger is not to be imputed to Kurtz, if, under the circumstances, an ordinarily prudent person would not have known or appreciated the danger.

To justify the giving of a peremptory instruction under these circumstances, we would have to say that

what Kurtz did after what he saw was such lack of care for his own safety that there is no room for a reasonable difference of opinion and that but one conclusion can be drawn from it, and that is that an ordinarily prudent person would not have done it. What Kurtz did does not measure up to that, and this question was properly submitted to the jury.

In Predmore v. Consumers' Light & Power Co., 99 App. Div. 551, 91 N. Y. S. 118, the judgment was affirmed, and decedent's alleged contributory negligence held a question for the jury, where Predmore was killed in attempting to turn out the lights in a chandelier after he had seen another attempt it and draw back from the shock received.

### THE MEASURE OF DAMAGE.

The court gave the jury this instruction:

"If the Jury find for the Plaintiff, Kurtz, under instruction No. 1 they will find for him the reasonable value of time lost, governed by all the proof, not exceeding $360.00 as the proximte result of his injury, and not exceeding $275.00 expense incurred for medical and surgical treatment rendered necessary by the injuries received by him, and for such further sum as they may believe from the evidence will be fair and reasonable compensation to him for the mental and physical suffering, if any, which he has already endured and for that, if any, which it is reasonably certain he will hereafter endure as the proximate result of his injuries and to include, if the jury believe from the evidence that his injuries are permanent in character, the impairment, if any, of his power to earn money; and the finding for physical and mental suffering and impairment of power to earn money, not to exceed $10,000, the amount claimed therefor in the petition—the total finding in the verdict in no event to exceed $10,635.00."

This the power company contends was erroneous, for this reason only, that it should be so modified, so the power company says, as to say to the jury that nothing can be allowed for any impairment of the power of Kurtz to earn money until after the end of the period for which he is allowed for loss of time.

174

If the power company had asked such an instruction, it should have been given, but it was not error not to do so, as no such instruction was requested. Nashville, C. & St. Louis Ry. Co. v. Henry, 168 Ky. 453, 182 S. W. 651; Blue Grass Traction Co. v. Ingles, 140 Ky. 488, 131 S. W. 278; Illinois C. R. R. Co. v. Mayes, 142 Ky. 382, 134 S. W. 436; Nashville, C. & St. L. Ry. Co. v. Banks, 168 Ky. 579, 182 S. W. 660, 661.

The judgment is affirmed.

The whole court sitting.