CASE 85.—ACTION BY MARY J. MORGAN AGAINST THE CHESAPEAKE & OHIO RAILWAY COMPANY AND OTHERS FOR PERSONAL INJURIES.—October 13.

# Chesapeake & Ohio Ry. Co. &c. v. Morgan

Appeal from Lewis Circuit Court.

S. G. KINNER, Circuit Judge.

Judgment for plaintiffs, defendants appeal — Affirmed.

1. Carriers—Carriage of Passengers—Pleading.—The original petition, in a passenger's action against a carrier, alleged generally that plaintiff's injuries were received because of negligence in operating the train, whereby it was wrecked and

the car in which she was riding derailed.  An amended petition was filed, which did not change the allegations of the original petition, but alleged the additional grounds that the carrier negligently equipped the railroad with small iron rails, about one-third the size and weight of those used on its main track; that it negligently permitted the rails to become insecure, and the track to become dangerous.  Held, that plaintiff was not precluded from relying on the negligent operation of a car with a defective axle on the ground that the amended petition stated the particular acts of negligence, and omitted to state the negligent operation of a car with a defective axle.

2.  Appeal and Error — Review — Subsequent Appeal — Previous Decisions as Law of the Case.—Where, on the second trial of an action against a carrier for injuries to a passenger, the pleadings were the same as on the first trial, and on appeal from the judgment on the first trial it was held that the pleadings presented the question of the right to recover because of a defective axle, such former decision settled the question, and precluded the right to raise it on a second appeal.

3.  Carriers—Injury to Passengers—Safety of Appliances—Duty of Carrier.—Where a passenger is injured by a breakdown in one of the cars of the train, the carrier to defeat recovery must show, not only that it was due to a cause which the exercise of the utmost human skill and foresight could not prevent, but that, if the accident was due to a latent defect in the material or construction of the car, it could not have been discovered either by the carrier or the builder in the exercise of such care.

4.  Same—Action for Injuries—Evidence—Sufficiency.—Evidence, in an action against a carrier for injuries to a passenger, held to warrant a verdict for the passenger.

W. H. WADSWORTH and Le WRIGHT BROWNING for appellants.

### POINTS AND AUTHORITIES.

1. The verdict of the jury is flagrantly against the evidence. A jury's verdict which is supported only by a presumption and which is contrary to all the direct and uncontradicted evidence introduced, cannot be sustained upon the theory of conflicting evidence. (Ky. Cent. R. Co. v. Talbot, 78 Ky., 621; N. N. & M. V. R. Co. v. Mitchell, 33 S. W., 622; McGhee v. Guyn, 98 Ky., 209; McGhee v. Gaines, 98 Ky., 182; Mobile, etc. Ry. Co. v. Whayne, 64 S. W., 723; I. C. R. Co. v. Gholson, 66 S. W., 1018;

Chesapeake & Ohio Ry. Co., &c. v. Morgan.

L. & E. Mail Co. v. Gilliland, 72 S. W., 1102; Louisville, etc. Ry. Co. v. Hall, 94 S. W., 26.)

2. Instruction number one is erroneous in so far as it permits recovery for negligence not relied upon in the pleadings. (L. & N. R. Co. v. McGary's Admr., 104 Ky., 509, 47 S. W., 440; Edwards v. C. & O. Ry. Co., 108 S. W., 303; Gaines v. Johnson, 105 S. W., 381; I. C. R. Co. v. Vinson, 74 S. W., 671; Sandy River Cannel Coal Co. v. Caudill, 60 S. W., 180; Chunn v. K. & I. Bidge Co., 64 S. W., 649; L. & N. R. Co. v. Penrod, 56 S. W., 1, 108 Ky., 172; L. & N. R. Co. v. Clark, 105 Ky., 571, 49 S. W., 323; Thomas v. L. & N. R. Co., 35 S. W., 910; Green v. L. & N. R. Co., 94 Ky., 169; McCain v. L. & N. R. Co., 18 S. W., 537.)

ALLAN D. COLE for appellee.

We submit that the verdict of a jury properly instructed is conclusive, if there is any evidence to sustain it, and where evidence is circumstantial and convincing the verdict will not be set aside. (Sharpe v. Wickliffe, 3 Litt., 10 Ky. Digest, vol. 1, section 511-12.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This appeal is from a judgment for $600 in favor of appellee. Appellant asks a reversal of the judgment for two reasons: First, because the verdict of the jury was flagrantly against the evidence; second, on account of error in instruction No. 1 given by the court to the jury. We will consider the last proposition first. The instruction complained of is as follows: "The court instructs the jury that the defendants, in undertaking to carry plaintiff as a passenger on their train, did not insure her absolute safety, but it was their duty to exercise the highest degree of practicable care and diligence, consistent with the operation of the train on which she was a passenger, to safely convey her to her destination. And if the jury believe from the evidence that the defendant negligently suffered the track and roadbed of the Kinniconick & Freestone Railroad to become out of

repair, or negligently operated on said road a large
and heavy locomotive engine and train of cars over
small iron rails not adapted or suitable for the opera-
tion of such locomotives or train of cars, or negli-
gently suffered such rail or rails to become loose or
insecure, or negligently operated on said road a car
with a defective axle, and shall further believe from
the evidence that, by reason of such negligence, the
coach in which plaintiff was riding was derailed or
wrecked, and that she, while in the exercise of ordi-
nary care for her own safety, was thereby jarred or
thrown down in said car or against a seat in same, and
thereby bruised, made sore, or sick, they will find for
her, and fix the damages as in instruction No. 3, not
exceeding the sum of $2,000.'' Appellant's conten-
tion is that the insertion of the words ''or negligently
operated on said road a car with a defective axle'' was
erroneous. It concedes that, under the allegations of
appellee's original petition, in which the allegation of
negligence was general, she would have been entitled
to rely upon the matter complained of in the instruc-
tion. But it is claimed that under the amended peti-
tion filed by her she stated definitely the particular
acts of negligence by reason of which she received her
injuries, and in enumerating them she omitted to state
the negligent operation on the road of a car with a
defective axle. Appellant's contention cannot be sus-
tained for the reason first, that in the original peti-
tion it was alleged that her injuries were received
on account of the negligence and want of due care on
the part of the officers and servants of appellant in
operating the train, and by reason thereof the train
was wrecked and the car in which she was riding was
thrown off of the track, etc. The amended petition
did not modify or change the allegations of the orig-

inal petition, but alleged additional grounds, to wit, that the defendant, now appellant, negligently equipped the said Kinniconick & Freestone Railroad with small iron rails, about one-third the size and weight of those used on the main track of defendant; that it carelessly and negligently suffered the rails on the track in question, at the place where appellee was injured, to become loose and insecure, and the track thereat to become defective and dangerous, etc. The second reason is that this question was considered by this court on the former appeal of this case. See Morgan v. Chesapeake & O. R. R. Co., 127 Ky. 433, 105 S. W. 961, 32 Ky. Law Rep. 330. On the first trial the court gave an instruction, which is, in substance, the same as No. 1, but failed to insert in it the words complained of in instruction No. 1 given on the last trial, and refused to give an instruction allowing the jury to consider the question at all. Appellant succeeded on that trial, and Mary J. Morgan appealed, and the main ground for reversal was the failure of the court to let the jury consider the question of a defective axle. Appellant's counsel, in their brief in that case, contended that the instruction, as given by the lower court, was correct, and the question of a defective axle should not have been submitted to the jury, for the reason that by her amended petition she eliminated all grounds for recovery on that point. The same argument was made then as upon this appeal. It will be observed that the opinion on the former appeal deals almost entirely with the question of defective axle and latent defects therein; and in response to the criticism made by appellant's counsel of appellee's pleadings this court said: "The pleadings sufficiently present the questions discussed." The former opinion, therefore, settles this question, and

precludes appellant from raising and having it again adjudicated in this case, as her pleadings were the same in the first as in the second trial.

Appellant's claim that the verdict of the jury was flagrantly against the evidence is based solely upon its contention that on the second trial it presented testimony showing conclusively that the sand hole in the axle could not have been discovered by the exercise of the utmost human skill and foresight, and therefore it was entitled to a peremptory instruction. In addition to the testimony produced by appellant upon the first trial, it introduced its car inspector, located in Covington, Ky. He stated that he went down both sides of the cars when they were in the yard, and examined them carefully by looking at them, and remedied any defects that he could discover; that he examined about 100 cars in this way on each day. Appellant also introduced the superintendent of the Pittsburg, Cincinnati, Chicago & St. Louis Railway Company, which company was the owner of the car on which the axle broke. The superintendent testified that he managed the construction of this company's cars, and that the axle when put into the car appeared to be perfect. But it developed upon his examination that he was not connected in any way with the foundry that molded the axle. He gave his information as to the method of testing the strength of the axles by the foundry people. In the former opinion this court said: "When the passenger has proved his injury as the result of a breakage in the car, or the wrecking of the train on which he was being carried, whether the defect was in the particular car in which he was riding or not, the burden is then cast upon the carrier to show that it was due to a cause or causes which the exercise of the utmost

human skill and foresight could not prevent. And the carrier in this connection must show, if the accident was due to a latent defect in the material or construction of the car, not only that it could not have discovered the defect by the exercise of such care, but that the builders could not, by the exercise of the same care, have discovered the defect or foreseen the result. This rule applies the same whether the defective car belonged to the carrier or not." Under the testimony the jury had a right to conclude that the builders or makers of the axle might have, by the exercise of the kind of care referred to in the above quotation, discovered the defect in the axle or foreseen the result; and the jury had a right to determine that there was not sufficient evidence upon this point to overcome the presumption in favor of appellee. Suppose, however, that we are mistaken in this conclusion; appellee introduced testimony showing the defective condition of the roadbed, the ties, the rails, and their fastenings, as stated in appellee's amended petition, and the jury had a right to conclude that her injuries may have been received as a result of this defective condition, which may have caused the axle to break.

Finding no error prejudicial to appellant, the judgment is affirmed.