# Cincinnati, New Orleans & Texas Pacific Ry. Co. v. Callahan.

(Decided June 4, 1912.)

## Appeal from Grant Circuit Court.

1.   Personal Injury—Action For—Failure of Plaintiff to Make Out
His Case—Master and Servant.—The employer must furnish the
laborer a reasonably safe place in which to perform his work, and
if the employer furnishes the employe an unsafe place to labor,
which he, the employer, knew was unsafe, he is responsible for
the injury received by reason of the unsafe place. In an action
for personal injury, under the above rule, the plaintiff failed to
make out his case; but the defendant introduced its foreman who
directed the work of appellee, who testified that the place where
appellee was placed to work was dangerous, and this left the issue
as to the character of the place to the jury. While the trial court
might with propriety have sustained appellant's motion for a per-
emptory instruction, it did not do so.

2.  Verdict—Question for Jury.—The verdict cannot be said to be excessive. The physicians differed as to the permanency of the injury and this was a question for the jury.

A. G. DEJARNETTE for appellant.

CLORE, DICKERSON & CLAYTON and DICKERSON & HOGAN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This appeal is from a judgment for $500 for personal injuries. Appellee alleged in substance that he received his injuries while obeying his foreman, his superior, who ordered him to go into a hole in a gondola car, which was caused by the lowering of the trap doors in the bottom of the car, and shovel out the cinders that were in the car; that while he was working in this place a heavy piece of slag fell down onto his foot, broke his instep and injured his large toe and the one next to it; that he did not know of the danger incident to laboring in the place, but that defendant did know or could have known of it by the exercise of ordinary care. These were in substance the issues made by the pleadings.

The material facts, as shown by the evidence, were, in substance, these: Appellee was engaged by appellant as a section hand, and James Boone, his foreman, directed him as well as other hands belonging to the crew, to unload two or three gondola cars loaded with cinders to be used in ballasting the track. This car in which appellee was injured had trap doors in its bottom and when it was lowered part of the cinders would drop out upon the track. The doors were about four feet square, and upon this occasion when the doors were dropped the cinders directly above them fell out leaving the remainder forming almost a perpendicular bank around the hole. The cinders were about eight feet deep in the car, therefore when the doors dropped there was a hole left in the car about eight feet deep and near the size of the door.

Appellee's testimony shows that he, Boone, the foreman, and some others got up on top of the car about the time the doors were lowered and the hole made in the car; that the foreman ordered him to get into the hole and shovel out the remainder of the cinders; that there was nothing for him to stand on in the hole but two iron rods about an inch in diameter, that were used in controlling the doors; that he had one foot on each of these

rods with his back to the side of the car performing his labor when something caused a heavy piece of slag to fall from above and strike his foot with the result stated; that he did not know of the slag until he received his injuries; that the place he was ordered to work was unsafe but that he did not know it was unsafe or have any information to that effect prior to his injuries. The foreman, Boone, denied that he ordered appellee to go into the hole to labor. He testified in chief that it was not a dangerous place to work, but upon cross-examination he stated that it was a dangerous place. Some of appellant's other witnesses testified that no one had been ordered to work in a hole like the one in which appellee was injured, since the accident to appellee. This was incompetent, but was not objected to. The witnesses stated that it was necessary, under the circumstances of this case, to push the cinders from the top. Several witnesses who were on top of the car stated that they never heard the foreman direct appellee to enter the hole and shovel the cinders out.

At the close of appellee's testimony, appellant asked for a peremptory instruction in its behalf, but the court overruled the request. In our opinion, the court could have, with propriety, sustained the motion, as appellee introduced but little, if any, testimony showing that this was a dangerous place to work, or that the risks were any more than those ordinarily incident to such employment. There was nothing showing that the foreman knew that this heavy piece of slag was in the car.

The authorities universally hold that the laborer assumes all the ordinary risk incident to his employment. They also hold that the employer must furnish the laborer a reasonably safe place in which to perform his work, and if the employer furnishes the employe an unsafe place to labor, which he, the employer, knew or by the exercise of ordinary care, could have known was unsafe, he is responsible to the employe for any injury he receives by reason of the unsafe place. Under these rules of law, appellee, in our opinion, failed in his testimony to make out a case, but appellant did not rely upon this error; it introduced its testimony and, as stated, the foreman made out a case for appellee. He testified that it was dangerous for appellee to enter the hole at the time he did and this left the real issue to be settled by the jury as to whether or not the foreman ordered appellee to perform this labor in the way and manner stated

and as to whether or not the danger was so imminent and obvious that an ordinarily prudent person would not have complied with the order.

Appellant contends that the amount of the verdict is excessive. Appellee's injuries and loss of time, as related my himself and physician, make out a case of rather serious pain and injury. His loss of time, about seven weeks, the services of a physician for that time and for a week or two after he returned to work, were worth, as proved by the physician, $50, his loss of time near $100. Considering these two items, the pain he had endured and that which it is reasonably certain he will have to suffer in the future, we cannot say that the verdict is excessive. His foot was exhibited to the jury in the presence of the physicians, one for the company and one for appellee, and it was shown that the toe next to the large toe on the foot that the slag struck was turned up and had healed in that position which caused the shoe to rub it and make it sore, as it was at the time of the trial. The physicians differed as to the permanency of the injury so this was a question for the jury and it was properly submitted to them.

Judgment affirmed.