## Southern Ry. Co. in Kentucky v. Mauck

(Decided February 27, 1913.)

Appeal from Jefferson Circuit Court.

(Common Pleas Branch, Second Division.)

1.  Master and Servant—Duty to Warn and Instruct Young or Inexperienced Servant.—When a young or inexperienced servant is employed in an occupation attended with danger, and when there is a safe as well as a dangerous way of doing the work, it is the duty of the master to instruct the servant as to the safe method of doing the work.

2.  Master and Servant—Assumed Risk.—A young or inexperienced servant, employed in dangerous work, does not assume the risk of injury to himself if the master fails to instruct him how to work so as to avoid injury.

EDWIN P. HUMPHREY and HUMPHREY & HUMPHREY, for appellant.

DUFFIN, SAPINSKY & DUFFIN, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In a suit to recover damages for personal injuries the appellee, Mauck, was awarded $500. Insisting that a verdict in its favor should have been directed by the trial court, the appellant company prosecutes this appeal and asks a reversal of the judgment because its request was refused.

At the time he was injured appellee was an inexperienced boy between seventeen and eighteen years of age. He was employed as a section hand, and at the time of the accident the crew in which he was engaged was pushing with a handcar a small flat car, loaded with lumber, the hand-car also being loaded with the material, which the crew was taking to make or repair a road crossing.

Appellee testifies that the load of lumber on the little flat car was so heavy that the men by the use of the motive power on the handcar had difficulty in moving the cars, and the foreman of the crew directed him and another employe to get off of the hand-car on which they had been riding and push the flat car, which was immediately in front of the hand-car and attached to it by the lumber. That he had never done this particular kind of work, and did not know it was dangerous or understand or appreciate the danger attending it, and neither the foreman nor any one else gave him any warning or instructions how to push the car so as to prevent

getting hurt. That while he was engaged in pushing the car the front wheel of the hand-car ran upon his foot and leg, injuring him quite severely.

The evidence of the foreman and other members of the crew shows that the accident did not happen in this way, but for the purpose of disposing of the only question assigned as error we will assume that the accident happened in the manner testified to by appellee, for if he had a case entitling him to go to the jury, his evidence alone was sufficient to authorize a finding in his favor.

The cause of action for appellee was put upon the ground that he did not understand or appreciate the danger attending the work he was directed by the foreman to do, and although the foreman knew, or in the exercise of ordinary care should have known the danger of the employment, he did not warn him of the danger or instruct him as to the manner in which he might do the work without danger to himself.

In his argument for reversal counsel for appellant contends that the work appellee was engaged in was so simple that although he was young and inexperienced he could not fail to know and understand that if the wheels of the hand-car caught or ran upon his foot or leg it would injure him, and so there was no reason why the foreman should have given him any warning or have instructed him how to push the car so as to keep out of the way of the wheels of the hand-car. In support of this position we are referred by counsel to a number of cases holding that where the employment is simple and the danger of being injured by carelessness or thoughtlessness is obvious, the employe, however young or inexperienced he may be, will be treated as having assumed the risk. Among the cases so holding are: Wilson v. Chess & Wymond, 117 Ky., 567; Bollington v. L. & N. Railroad Co., 125 Ky., 186; Flaig v. Andrews Steel Co., 141 Ky., 391; Knight v. Paducah Box Co., 31 Ky. L. R., 629; Hillman v. Littlejohn, 28 Ky., L. R., 983.

In these cases and many others laying down the same rule we held with reference to the fact of each case that there could be no recovery because the danger was so open and obvious that no person of ordinary intelligence could fail to know and understand that if he did certain things he would get hurt, but we have often observed, and we do so again, that in cases like this a gen-

eral principle can only be applied when it fits the facts of the particular case. There are a great many sound principles of law that will be found laid down in personal injury cases, but when it comes to applying these principles to a given state of facts, whether or not they are to be controlling is to be determined by a careful understanding of the facts to which it is sought to apply them. For example, we might say with reference to this case as has often before been said, that a young and inexperienced employe who is engaged in some simple and non-hazardous employment cannot recover damages for personal injury brought about by his act in going into an open and exposed place of danger, or in doing something that he could not fail to know would hurt him if he did it. But the inquiry remains, was the danger attending the work in which appellee was engaged so obvious and open that a boy of his years and experience could understand and appreciate it and keep out of the way of the hand-car.

Counsel in cases like this must not overlook the fact that the master will not be excused for his failure to warn and instruct an inexperienced servant unless it appears that the servant not only understood but appreciated the danger. There is quite a difference between knowing that you will get hurt if you do a certain thing, and such appreciation of the danger as will cause you to stop and think before you do it. Every boy of ordinary intelligence knows that a knife will cut, and that hot water will scald, and that powder will explode and that fire will burn and yet many of them are injured by these things in factories and other places because they do not stop to think of the danger they are getting into or the consequences that will attend what they do.

Therefore, for the protection of young or inexperienced employes in occupations where they are liable to get hurt if they are not careful, and to save them from the thoughtless and heedless things that boys and girls do without stopping to think of the consequences, this court has laid down the humane and just rule that the master who employs young or inexperienced boys and girls in employments attended with danger takes upon himself the duty of giving them warning and instruction, and the failure to perform this duty, if injury results therefrom, is actionable.

As illustrative cases showing the views of this court

upon this subject we may direct attention to Gaines & Co. v. Johnson, 133 Ky., 507, in which we said:

"The appliances with which a servant is put to work may be all that the law requires, and likewise the premises where he is engaged may be unobjectionable; but if the servant is young or inexperienced, and the service he is directed to perform is dangerous, and of such a character that an inexperienced person would not appreciate or understand the danger, although one of experience would have no difficulty in avoiding it, the law imposes upon the master the duty of warning and instruction. That is to say, the master should instruct the servant how to perform the labor so as to avoid the danger attending it, or give him such warning as would enable a person of ordinary understanding to appreciate the situation."

And to Beckwith Organ Co. v. Malone, 32 Ky. L. R., 596, in which we said:

"A child may lack and usually does lack experience, and has not had opportunity to learn the probable effect of the conditions. His unseasoned judgment is not equal to the task of reasoning correctly as to the likelihood of his avoiding injury under the unusual circumstances. While he may see he may not comprehend the danger in the defects; nor may he appreciate that they are defects. To say that he assumes the risk is to say that his mind has comprehended a situation that it has not, and would impose arbitrarily a rule which was founded upon just the opposite state of facts. A minor may, in fact, as fully comprehend the dangers of a situation as if he were an adult. But the general experience of mankind is to the contrary. There is no certain age at which intelligence may be said to be matured. For ordinary purposes the age of manhood, twenty-one years, is found the nearest approach to it in all practical affairs. If the employe, notwithstanding his minority, has sufficient intelligence and experience to appreciate the dangers of his situation, the rule applicable to adults may be applied in his case. But, when the infant of tender years, is put to work at a hazardous business, the master must, at his peril, see that he is made to comprehend its dangers. It is not enough that he is merely informed of them. Children are thoughtless and heedless by nature. They should be made to understand the danger to themselves of such employ-

ment, as well as understand the means provided for protection. If they are not made to do so, then they will be treated as if they did not know it, and the master's duty to furnish them reasonably safe places to work, and reasonably safe tools with which to work, will not be affected by the mere obviousness of the dangers or defects. No one has a right to put children in such perilous places and fasten upon them the consequences of the employer's inattention upon the ground that his neglect was to be seen by experienced and thoughtful persons.''

And to Chess & Wymond Co. v. Gohagan's Guardian, 32 Ky. L. R., 372, where it was said:

''It is the duty of those who employ youths of tender years to operate dangerous machinery not only to explain and show them how to operate it, but they must also caution and warn them of the danger of carelessness. Every one knows that boys are exuberent in spirit and careless of danger; that they only learn caution by being warned by those in whom they have confidence, or in the hard school of experience in which they are often injured; and, therefore, the law imposes upon those who place them at work in hazardous occupations the duty of seeing to it not only that they are instructed how to perform the work, but that they are warned and cautioned of the danger to be expected from carelessness and inattention. Not only must this be done at the beginning of the employment, but it should be done again and again, if necessary to protect the infant from the effect of his carelessness or inattention.''

And to L. & N. R. R. Co., v. Adams, 148 Ky., 513, where we said:

''There is no good reason why the master by indifference or want of care should needlessly expose to danger the persons in his employment. In almost every constructive work of any magnitude, the laborers are at times placed in great peril by the conditions that are made necessary in the progress of the work. But the master is presumed to and generally does know the danger attending work of this character; and, when he has engaged as a laborer a youthful or inexperienced servant, it is his duty not to needlessly expose him to danger or permit him to heedlessly put himself in a place of unnecessary peril. When he is present super-

intending and directing the work the young or inexperienced servant has the right to believe that he will afford him such protection as the conditions of the situation allow and that he will not passively stand by and see him put his life in peril when there is no need for it.

"Adams, of course knew, so far as mere knowledge goes, that he was standing on a slender foothold, and that the least slip of hand or foot would likely result in his death or great injury. But in the hurry of the moment, acting in the presence of his foreman and under his orders, he did not stop to weigh the peril of the situation, or realize the danger, and is not, under all the circumstances, to be charged with having assumed the risk. The fact that the danger may be open and obvious will not always excuse the master. It must further appear that the young or inexperienced servant realized the danger before the master can defeat a recovery on the ground that the servant assumed the risk. * * *

"We may, therefore, set it down as a rule of general application in cases of this kind that the master who orders a young or inexperienced servant into a place of great danger, or who when standing by sees a young or inexperienced servant put himself in a place of great danger, without giving him notice of the peril, or the hazard he is about to take, will be liable, unless, under all the facts and circumstances, the servant knows and realizes the danger, and with this knowledge and realization voluntarily assumes it; and where there is conflict in the evidence upon this point, it is for the jury to say whether or not the servant assumed the risk. It may be said that this rule imposes upon the master the duty of guardianship, but if so, it will help to save many lives and limbs that are now recklessly and needlessly sacrificed by the indifference of masters and the heedlessness of servants."

Adopting the views expressed in these opinions and applying them to the facts of this case, we think it was for the jury to say, under proper instructions, whether or not the conditions required that appellee should have been instructed how to push the car without getting caught by the hand-car.

Evidently it must have been dangerous to push the car in the way appellee was doing or else he would not have been hurt, because it does not appear that he

was doing anything when hurt except pushing the car, and it also seems manifest that he could have pushed it in such a manner that he would not have been hurt. So that there were two ways of doing this work, one dangerous and the other safe, and the boy, not knowing which one of the ways to adopt, selected the dangerous one. He did all this under the eye and in the immediate presence of his foreman, who saw him adopt the dangerous in place of the safe method, without giving him any advice or warning, although the law, under the circumstances, made it his duty to do so. Under these circumstances the master and not the servant assumes the risk of injury to the servant.

The judgment is affirmed.