## Payne, Agent, etc. v. Henry's Administrator.

(Decided November 14, 1922.)

### Appeal from Estill Circuit Court.

1.   Master and Servant—Safe Place to Work.—The master must use ordinary care to furnish the servant a reasonably safe place to perform the work required of him; and he cannot, by delegating this duty to another, escape the consequences of a failure to provide the servant a reasonably safe place for the performance of his work.

2.   Master and Servant—Negligence—Submission to Jury—New Trial. —Where, as in this case, it was made to appear from the evidence that the appellant's foreman employed the appellee's intestate, a minor, known to him to be wholly inexperienced in such work and ignorant of the dangers attending its performance, to assist another servant of the master in the work of removing crossties from a river when its waters were greatly swollen by recent rains, and the two, by direction of the foreman, borrowed a row boat for use in their work, from which the minor, who was totally unskilled in operating a boat, in attempting to return it to the owner, was, by reason of the high water and the unusual and dangerous force of its currents at the place of landing and his own inexperience in operating a boat, thrown from the boat into the river and drowned, it was not error for the trial court to submit the case to the jury; nor was it error for that court to refuse the appellant a new trial, as there was evidence sufficient to support the verdict finding that the death of the decedent was caused by the negligence of the appellant's foreman as charged, and, also, to support the amount of damages awarded the appellee.

3.   Master and Servant—Negligence—Contributory Negligence.—The questions as to whether the death was caused by the negligence of the appellant's foreman, or was the result of his own alleged contributory negligence, were properly submitted to the jury by the court's instructions; and as the foreman's directions to the decedent to procure the boat, likewise imposed on him the duty to return it, the fact that he was permitted, or even directed, by a fellow servant to return it alone, and that the latter was negligent in so doing, would not relieve the master of responsibility for the primary negligence of the foreman referred to, which was the proximate cause of the decedent's death; hence the

court did not err in refusing to instruct the jury as to the effect of the fellow servant's negligence.

B. D. WARFIELD, SAMUEL M. WILSON and ROBERT R. FRIEND for appellant.

RIDDELL & SHUMATE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellee, George Henry, as administrator of the estate of Horace Henry, deceased, recovered in this action in the court below a verdict and judgment against the appellant, John Barton Payne, agent of the President of the United States, in control of the Louisville & Nashville Railroad, of $3,000.00, in damages for the death of his intestate, caused, as alleged, by the negligence of the railroad company and its agents and servants. The judgment, and refusal of a new trial to the appellant, resulted in this appeal.

Horace Henry, the decedent, was drowned in the Kentucky river near West Irvine, Estill county, caused by his falling or being thrown from a small boat into that stream while in the employ of the Louisville & Nashville Railroad Company and engaged in the work of recovering from the waters of the river crossties belonging to it which, after being floated to West Irvine in rafts, had broken loose and become scattered along the banks of the river. According to the evidence heard on the trial, which was uncontradicted, the decedent was at the time of his death but nineteen years of age, without experience in the work in which he was engaged and, though a fairly good swimmer, was totally unskilled in boating and especially boat rowing, indeed, the work was his first and only work of the kind. Owing to a ''rise'' of from twelve to fifteen feet in the Kentucky river and the unusual depth and extraordinary swiftness of the currents where he was rescuing crossties, the work of the decedent was attended with great risk and danger. He was employed to perform the work required of him by William Corey, the appellant's agent and foreman having authority to make the employment, and began the work with Adam Corey, another employe of appellant, on the morning of the day his life ended. The Coreys were brothers and uncles of the decedent. Upon arriving at the place of work in the morning the latter and Adam Corey by direction of William Corey borrowed of one Horn, who with his family lived in a house boat above and near

where they were at work, a small, light row boat operated by oars, for use in gathering the crossties. The decedent and Adam Corey got into the boat and proceeded to their work; the boat then and during its use by them being operated by Adam Corey. The two continued at work until it was completed in the latter part of the afternoon and the boat was then rowed by Adam Corey to a point on the bank of the river a short distance below the house boat of Horn and near a hoisting machine used for hoisting crossties and other timber from the river. Upon reaching the river bank at the point indicated Corey left the boat and directed the decedent to return it to Horn at the house boat, which the decedent attempted to do but failed to accomplish; for though with great difficulty he got the boat to the house boat, owing to his inexperience and want of skill in operating it and the unusual force of the current thereabout, in the effort to tie it to the house boat, either by reason of its collision with the house boat or other mishap, he was knocked or thrown from it into the river and drowned. In addition to the evidence referred to, there was other evidence which tended to show that the boat from which the decedent fell, or was thrown, was tottery and unsafe by reason of its light and frail material and construction.

It is insisted for the appellant that the judgment should be reversed because the trial court erred: (1) In overruling the demurrer to the petition as amended; (2) in instructing the jury; (3) in refusing certain instructions asked by the appellant. Regarding the first contention it is sufficient to say that the overruling of the demurrer was proper, because, fairly interpreted, the petition, as amended, states a cause of action for the recovery of damages upon the ground of failure of the appellant to furnish the decedent a reasonably safe place for the performance of the work required of him. The danger attending the work mainly arose, it is true, out of the conditions encountered by the decedent in returning the boat, which was as much a part of the work required of him as was the duty enjoined by the foreman to get the boat before beginning the work of recovering the crossties, and both of these duties were as much parts of the service required by his employment as was the actual work of gathering up the ties. Under the conditions existing the work of procuring the boat and of returning it was equally dangerous, and each of which was a duty the decedent's inexperience and lack of skill in operating

a boat disqualified him to perform in the face of the danger confronting him. The direction of his employer's agent that he procure the boat was by implication equally a direction to return it; and the fact that the same duties were also required of Adam Corey by the employer's agent did not relieve the decedent of their performance. As the decedent was ordered by appellant's foreman into a place dangerous to one of his inexperience to obtain the boat, the appellant will not be heard to say that because he met his death in returning the boat by reason of the same dangerous conditions, he cannot be held responsible in damages therefor.

In this view of the case, which we regard as sound, no reason is apparent for sustaining the appellant's contention that the decedent's death was caused by the negligence of his fellow servant Adam Corey, by whose direction or assent he attempted to return the boat.

The employer must use ordinary care to furnish the employe a reasonably safe place to perform the work required of him and this duty he cannot delegate to another and thereby escape the consequences of failure to provide a reasonably safe place to work. Even an experienced adult servant does not assume the risk arising out of the master's negligent failure to provide him a safe place to work when he is ignorant of the danger; *a fortiori* is this true when the servant, by reason of his youth and inexperience, is disqualified to encounter the danger. Reffitt v. Southern Sheet & T. P. Co., 170 Ky. 362; C. & O. T. P. Co. v. Callahan, 148 Ky. 682. Here the decedent, notwithstanding his youth and ignorance of the danger to be met in the work he was employed to do, was put at it by the appellant's foreman, to whom his inexperience was known, without warning of the dangerous nature of the work or place where it was to be performed and without instruction as to how the danger should be met; and in such case the appellant will not be relieved of responsibility for his death on the ground that it was caused by the negligence of a fellow servant in directing him to perform a duty which he had previously been directed by their common superior the foreman to perform. Southern Ry. v. Hauck, 152 Ky. 498; Games & Co. v. Johnson, 133 Ky. 507. It is, therefore, concluded that the trial court did not err in refusing to give the offered instruction regarding the negligence of the fellow servant, Adam Corey, as on the facts of the case that question should not have been submitted to the jury.

Nor did the court err in refusing the peremptory instruction directing a verdict for the appellant. Obviously, the verdict returned was authorized unless the jury should have found from the evidence that the decedent's death was caused by his contributory negligence, which question was properly submitted to them by the instructions given. The claim that he was guilty of such negligence rests alone upon the testimony of Mrs. Horn, which was to the effect that in attempting to land and tie the small boat he approached the house boat on the wrong side and where the current was strongest, and also, that he increased the danger to himself by standing instead of sitting in the boat; and further that he disregarded, if he heard it, advice she gave as to handling the boat when she discovered his peril. This evidence all went to the jury, who doubtless believed and had reasonable grounds to believe that the decedent's failure to take the advice, if heard, and his improper operation of the boat were due to his ignorance of the dangerous conditions and inexperience as a boatman, all of which was known to the appellant's foreman where he was employed and put at work. At any rate we do not feel authorized to disturb the verdict on the ground that it was flagrantly against the evidence.

As in our opinion the instructions of the court, in substantially correct terms, gave the jury the law of the case and its refusal of the rejected instructions was not error, the judgment is affirmed.