## Hampton v. Porter.

(Decided June 25, 1926.)

## Appeal from Boyd Circuit Court.

1. Appeal and Error.—Appeal from judgment on verdict not presenting evidence presents only question whether pleadings support judgment.
2. Vendor and Purchaser.—Purchaser, recovering judgment for money paid vendor on contract to buy land owned jointly by vendor and wife, is entitled to have lien on land for such sum adjudged in equity, where that issue was reserved on transfer of case to law side.

B. S. WILSON and S. S. WILLIS for appellant.

MARTIN & SMITH for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming on the original and reversing on the cross appeal.

By the original petition filed in this action, the appellee sought to compel the appellant, Coon Hampton, and his wife, Mrs. Coon Hampton, specifically to perform a

written contract by which Coon Hampton had agreed to convey certain real estate to appellee. The latter on May 17, 1924, took certain depositions which appear on pages 38 to 176, inclusive, of the record herein, but which the record fails to show were used in the jury trial to be presently mentioned. Thereafter, and on June 17, 1924, appellee filed an amended petition in which he stated that he had discovered that Mrs. Hampton was a joint owner of the property in question, and that, as she had not signed the contract sought to be enforced, he therefore abandoned his claim to specific performance and now sought damages for Hampton's alleged breach of the contract in failing to convey the property and also the return of $1,000.00 he had paid to Coon Hampton on the purchase price of the land at the time the contract was signed. He also asked that he be given a lien on the land to secure the repayment of this $1,000.00 and whatever damages might be awarded him on the trial. Hampton, by answer and counterclaim, traversed certain allegations of the petition and then alleged that the appellee had first breached the contract in that he had refused to take a stock of goods, the sale of which Hampton claimed was an integral part of the contract relating to the realty. The answer was duly controverted of record and on December 9, 1924, after amendments to the various pleadings had been filed and controverted of record, the parties entered into an agreed order transferring all the issues, except the lien claimed by appellee, to the ordinary side of the docket for a jury trial, which was duly had according to the bill of exceptions on March 27, 1925. The jury found a verdict in favor of the appellee in the sum of $1,000.00 which, under the instructions, was a return to appellee of the money he had paid to appellant on the land when the contract was signed. The jury allowed appellee nothing on his general claim for damages. Appellant's motion and ground for a new trial having been overruled, he thereupon filed with the court a transcript of the evidence heard on that trial before the jury, and moved the court to disregard the verdict of the jury and award him judgment on the whole case. This the court refused to do. Appellee thereupon moved that he be adjudged a lien on the property in question to secure him in the payment of the judgment he had secured. The court also overruled this motion.

Appellant now brings this appeal from the judgment against him in the sum of $1,000.00, and appellee has

been granted a cross appeal on the question of his right to the lien refused him by the lower court.

The appellant has not brought to this court the evidence heard before the jury. All the contentions he makes on this appeal have to do with the effect to be given to that evidence. It is obvious, in the absence of it, the only question we have before us is whether or not the pleadings support the judgment, and appellant does not contend that they do not. On the original appeal, therefore, the judgment must be affirmed.

On the cross appeal, appellee insists that he is entitled to a lien on the land to secure him in the repayment of the $1,000.00. In this appellee is correct. This case having been retained on the equity docket for the purpose of disposing of this question of the lien, and the appellee having secured a judgment for the return of the $1,000.00 he had paid on the purchase price, on the return of the case to the chancellor, appellee was then clearly entitled to have the lien he asked for adjudged him. It was so held in effect, in P. & J. Funk v. McKeoun, 4 J. J. Marsh. 162, and in Oldham v. Woods, 3 T. B. Mon. 47. See also Bullitt v. Eastern Kentucky Land Co., 99 Ky. 324, 36 S. W. 16, and note in 20 L. R. A. (N. S.) 175.

On the original appeal, this judgment is affirmed and on the cross appeal it is reversed with instructions to add to the judgment heretofore entered herein a provision giving appellee a lien on the land in question to secure him in the payment of that judgment.