## Payne v. High Splint Coal Company.

(Decided June 16, 1931.)

G. G. RAWLINGS for appellant.

T. E. MAHAN and TYE, SILER, GILLIS & SILER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

This action originated in the Harlan circuit court when appellant filed a petition seeking to recover of appellee for personal injuries alleged to have been received by him while at work at its mines. At the close of his evidence, the court instructed the jury to find for the company, and he has appealed.

By appellant's pleading and proof, it is made to appear that he was employed by the company as a coupler, assisting the motorman in taking empty cars into and removing loaded cars from its mine; that, while so engaged, one of the cars was derailed. It was one of his duties to replace derailed cars on the track, and in the performance of this duty, on this particular occasion, he placed one tie across the track as a fulcrum for another tie, which he used as a lever to lift the derailed car back on to the track. He succeeded in replacing the car, but when he attempted to remove the tie by lowering the "heel," as he expressed it, the rail slipped and permitted the car to again fall. In so doing it struck the lower end of the lever, causing the other end to fly up and strike him on the right side and to inflict the injuries of which he complains.

He testified that it was no part of his duties, but was the duty of the company to keep the track in repair. He

alleged that his injuries resulted from the defective condition of the track, and stated that a short time after the accident occurred he examined the track and found that the ties were rotten and the spikes were pushed out, thereby permitting or causing the rails to slip from under the wheels of the car. He further alleged that the defective condition of the track was known or by the exercise of ordinary care could have been known by the company, but that such condition was unknown by him until after the accident occurred.

Appellee comes within the purview of the Workmen's Compensation Law, but had not elected to operate under its provisions.

Attorneys for appellees insist that the directed verdict is proper because the petition does not state a cause of action, and that if any cause of action is stated it is not established by the proof. While the petition is somewhat indefinite and uncertain in its allegations as to the manner in which appellant received his alleged injuries, it does embody the idea that, while in the performance of his duty in replacing the derailed car, his injuries resulted from the alleged condition of the track. The sufficiency of the petition was not called in question by demurrer nor by motion to make its allegations more certain or specific.

The evidence supporting the allegations of the petition is scant and somewhat uncertain and hazy in its nature, yet there is evidence tending to show that these injuries were attributable to the negligence of appellee in not keeping its track in a proper or safe state of repair.

In the case of Barrett v. Meek, 2 Ky. (Sneed) 34, decided in 1801, this court adopted and has since consistently recognized and adhered to the principle that, where there is any evidence tending to establish an issue, it should be submitted to the jury. Later this became known and has often been referred to as the scintilla rule. In the late case of Mass. Mutual Life Insurance Co. v. Bush, 236 Ky. 400, 33 S. W. (2d) 351, 353, it is tersely said, "The rule is that if there is any evidence the question is for the jury."

Between the early and the more recent cases cited are scores of cases recognizing this rule. In the case of Louisville & N. R. R. Co. v. Johnson's Adm'x, 161 Ky. 824, 171 S. W. 847, it is said that the scintilla rule as applied in this jurisdiction does not mean that a case

should go to the jury where there is merely a spark or glimmer of evidence, and in the case of Wood v. Corcoran, 190 Ky. 621, 228 S. W. 32, 33, it is said:

"This court has in recent years approached toward the conclusion (not yet adopted) that there is no logical reason for submitting a case to the jury, under the doctrine of the scintilla rule when a verdict supported only by a scintilla of evidence would be set aside as flagrantly against the testimony."

But in the later case of Hines v. Gaines, 192 Ky. 198, 232 S. W. 624, it is indicated that even though the verdict may be flagrantly against the weight of the evidence, it is proper under the scintilla rule to submit the issue to a jury.

In the case of Barksdale's Adm'r v. Southern R. Co. of Ky., 199 Ky. 592, 251 S. W. 656, the scintilla rule doctrine is recognized as firmly established, and that issues of negligence should be submitted to the jury if there is any evidence tending to prove negligence or any proven facts from which an inference of such may be drawn.

Courts have wisely refrained from an attempt to fix or determine the exact quantum of proof necessary to constitute a scintilla, but have been content to give application to the general rule with relation to the proven facts and the natural inferences arising therefrom, peculiar to the case under consideration.

Applying the rule to the instant case, we conceive it to mean that there must be some evidence of substantial and probative value tending to establish negligence upon the part of appellee and a causal connection between that negligence and the alleged injuries of appellant.

The law imposes upon the master the duty of exercising ordinary care to provide the servant a reasonably safe place in which to perform the work required of him. Duvin Coal Co. v. Fike, 238 Ky. 376, 38 S. W. (2d) 201; West Ky. Coal Co. v. Shoulders' Adm'r, 234 Ky. 427, 28 S. W. (2d) 479; Payne v. Henry's Adm'r, 196 Ky. 467, 244 S. W. 884.

Appellee has not elected to operate under the provisions of the Workmen's Compensation Law and is therefore precluded by section 4960, Ky. Statutes, from interposing the common-law defenses of contributory

638

negligence and assumed risk; but it does not follow as a consequence of its failure to so elect that it is liable for every injury that may be sustained by its servants in the course of their employment. To warrant a recovery, there must be evidence of injuries sustained by the servant as a proximate result of negligence upon the part of the master. Gatliff Coal Co. v. Sumner, 196 Ky. 592, 245 S. W. 144; Horse Creek Mining Co. v. Frazier's Adm'x, 224 Ky. 211, 5 S. W. (2d) 1064.

There was some evidence of negligence upon the part of appellee and of its causal connection with the alleged injuries of appellant, so a case for the jury was made out. Duvin Coal Co. v. Fike, supra, and cases therein cited.

For the reasons indicated, the judgment is reversed and the cause remanded for a new trial, and for further proceeding consistent with this opinion.