## High Splint Coal Company v. Payne.

(Decided May 6, 1932.)

TYE, SILER, GILLIS & SILER for appellant.

G. G. RAWLINGS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, G. D. Payne, who was the plaintiff below, brought this action against the High Splint Coal Company to recover damages for personal injuries alleged to have been received by him while employed in the defendant's mine. On the first trial the defendant's motion for a peremptory instruction in its favor was sustained at the conclusion of plaintiff's evidence and a judgment was entered dismissing the petition. On appeal to this court the judgment was reversed. Payne v. High Splint Coal Company, 239 Ky. 634, 40 S. W. (2d) 299.

It was argued by the coal company on that appeal that the directed verdict was proper because the petition did not state a cause of action, and that, if any cause of action was stated, it was not established by the proof. It was held that the petition was sufficient, and that, while the evidence was somewhat uncertain and hazy in its nature, it tended to show that the plaintiff's injuries were attributable to the negligence of the coal company in not keeping its track in a safe state of repair. At the second trial the jury returned a verdict in favor of the plaintiff for $3,000, and the defendant has appealed.

It again insists that its motion for a peremptory instruction should have been sustained because the petition did not state a cause of action, and, if wrong in this, that the allegations of the petition were not sustained by

the proof. It is also insisted that the instructions are erroneous and the verdict excessive.

In the former opinion it was stated that the sufficiency of the petition was not called in question by demurrer, nor by motion to make its allegations more certain or specific. It is argued that the motion for a peremptory instruction tested the sufficiency of the pleadings as well as the sufficiency of the evidence, and that the failure to file a demurrer or a motion to make the allegations of the petition more specific was not a waiver of defendant's right to test the sufficiency of the petition by a motion for a peremptory instruction. Precisely the same situation was presented on the former appeal, and it was expressly held that the petition was sufficient. That is the law of this case.

It is next insisted that the evidence is not sufficient to sustain the allegations of the petition, and, in order to avoid the law of the case rule, an effort is made to show that plaintiff's testimony on the second trial differed materially from his testimony on the first trial.

Plaintiff was employed by the defendant as a car coupler, and it was his duty to assist the motorman in taking empty cars into and removing loaded cars from the mine and to replace derailed cars on the track. It was not his duty to keep the track in repair. On the occasion when he was injured he was riding on an empty coal car which was being taken into the mine. There were 15 or 16 cars being taken into the mine at the time, and the seventh or eighth car from the motor left the track. The motor was stopped, and plaintiff got down and attempted to replace the derailed car on the rails. In the performance of this work he used two ties, one being placed across the track as a fulcrum and the other being used as a lever to lift the derailed car back onto the rails. On the first trial he testified that, after the car had been replaced on the rails and he was attempting to remove the tie, the rail slipped and permitted the car to fall. It struck the lower end of the lever and caused the other end to fly up and strike him on the right side and to inflict the injury of which he complained. On the second trial he testified, as follows, in regard to the manner in which the car slipped off the rail and caused the injuries:

"I got me a prize and prized it back off (on) and when it caught on the rail and I went to release

cut it and it slipped off the rail, or the rail slipped out from under, or it slipped sidewise, but the rail was loose. I examined it afterwards, and the prize struck me and knocked the breath out of me."

He further testified that the ties at the point where the accident happened had rotted and at least two spikes had pulled out of the ties which permitted the rails to spread.

Plaintiff's testimony on the second trial was not materially different from his testimony on the first trial, and we there held that the evidence tended to show that his injuries were attributable to the negligence of the defendant in failing to keep its track in repair. Defendant introduced a number of witnesses who testified that the ties at the point where the accident happened were comparatively new, and that the track was in a reasonably safe condition. There was conflict in the evidence, however, on this point, and the question was one for the jury.

Appellant complains of instruction No. 1, which reads as follows:

"The court instructs you that it was the duty of the defendant to use ordinary care to furnish plaintiff a reasonably safe track in said mine upon which to move cars and motors and upon which to work and if you believe from the evidence that the defendant failed to use such care and that by reason thereof defendant's track on the occasion in question was not in a reasonably safe condition, and such defective condition if any, was known to the defendant, or could have been known to it by the exercise of ordinary care and that by reason thereof the car which plaintiff was placing on the track fell from the rails and injured him and which was the direct and proximate cause of his injuries you will find for the plaintiff; unless you so believe, you will find for the defendant."

It is argued that this instruction should have contained the further provision that plaintiff could not recover if he knew of the defective and dangerous condition of the track in time to have prevented the injury to himself.

Appellant had not elected to operate under the provisions of the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.), and the defenses of contributory negligence and assumed risk are not available to it, and its argument that the instruction should have contained the provision, the omission of which it is claimed was error, is based on the theory that, if the appellee was guilty of contributory negligence, he could not recover. This contention cannot be sustained.

. It is further insisted that instruction No. 1 is erroneous, in that the words, "in time to have prevented the accident and injury," after the words, "or could have been known to it be the exercise of ordinary care," should have been used. The omission of these words was not prejudicial, since the only evidence tending to show negligence on the part of the defendant was that the ties had rotted and because of their rotted condition the spikes holding the rails pulled out and permitted the rails to spread. This was necessarily a condition of long standing and one which could have been known to the defendant by the exercise of ordinary care.

The instruction on the measure of damages authorized the jury to find for the plaintiff "not to exceed in all the sum of $25,000, the amount claimed in the petition." The amount claimed in the petition was $5,000. After the first trial an amended petition was filed in which the amount sued for was increased to $10,000. It is urged that the instruction is prejudicially erroneous in fixing the amount that might be found by the jury at $25,000 when the amount sued for was only $10,000. If the verdict had been for a sum greater than the amount claimed in the petition, appellant's argument would be sound, but, since the verdict was for only $3,000, less than a third of the amount sued for, we are unable to see how the error was prejudicial. Men and women composing juries are presumed to be sensible persons, and it is not reasonable to suppose that the limit of recovery fixed in an instruction could have influenced the jury in arriving at its verdict where that verdict is for much less than the amount actually sued for.

In the two superior court cases of Louisville & Nashville Railroad Company v. Grundy, 12 Ky. Law Rep. 293 and Kentucky Central Railway Company v. Lashbrook, 13 Ky. Law Rep. 430, it was held that, where the verdict

of the jury was for less than the amount claimed in the petition, failure of the court in its instruction to limit the recovery to the amount claimed was not prejudicial to the defendant. The case of Runyon v. Commonwealth, 215 Ky. 689, 286 S. W. 1076, and Dunn v. Commonwealth, 193 Ky. 842, 237 S. W. 1072, involved somewhat analogous principles. It was held that, where the trial court in a criminal case fixes the maximum limit of punishment higher than that prescribed by the statute, but fixes the minimum limit correctly, and the jury gives the accused such minimum, no prejudicial error is committed. In Sebree v. Commonwealth, 200 Ky. 534, 255 S. W. 142, the statutory limits of punishment were 5 and 20 years, but the court told the jury they were 10 and 20 years, and the jury gave the accused 16 years. It was held that no error prejudicial to the accused had been committed.

It is finally insisted that the verdict is excessive. If the appellee's testimony is true, he was a healthy, able-bodied man 40 years of age when he was injured, and, since that time he has been unable to work regularly and has not been able to do heavy work at all. Two physicians introduced by him as witnesses testified that he suffered a rupture of the diaphragm as a result of the accident, and that his injuries are serious and permanent.

The verdict of a properly instructed jury will not be disturbed on the ground that the damages awarded are excessive unless the amount is so disproportionate to the injury as to strike the mind at first blush as the result of passion and prejudice on the part of the jury. Louisville & Nashville R. R. Co. v. Jolly's Administratrix, 232 Ky. 702, 23 S. W. (2d) 564; Kentucky Traction & Terminal Co. v. Roman's Guardian, 232 Ky. 285, 23 S. W. (2d) 272. It is peculiarly the province of the Jury to determine the amount of money necessary to afford reasonable compensation for personal injuries.

In view of the extent of the injuries and the testimony regarding their permanence, we cannot say that the verdict here reflected passion or prejudice on the part of the jury.

Judgment affirmed.