## City of Hazard v. Eversole et al.

(Decided Jan. 10, 1933.)

CLARK PRATT for appellant.

W. C. EVERSOLE and CARL F. EVERSOLE for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is the second appeal of this case. See 237 Ky. 242, 35 S. W. (2d) 313. On the first trial in the circuit court a judgment was entered in favor of the appellee against the appellant for the sum of $2,000, for the taking of his land for street purpose without first making just compensation for the property taken. When the case was before this court on the former appeal, no question as to the sufficiency of the petition to state a cause of action was made by the appellant. It is an established rule that where the sufficiency or insufficiency of a pleading is not raised on the first appeal, the parties are precluded from raising and the court from considering the question on a second or subsequent appeal. Drake v. Holbrook, 92 S. W. 297, 28 Ky. Law Rep. 1319; Chesapeake & O. R. Co. v. Morgan, 129 Ky. 731, 112 S. W. 859; Yates v. Stevenson, 193 Ky. 37, 234 S. W. 747; Mason v. Thomas W. Briggs & Co., 221 Ky. 127, 297 S. W. 1106; Louisville & N. R. Co. v. Grant, 234 Ky. 276, 27 S. W. (2d) 980; Begley v. Jones, 238 Ky. 239, 37 S. W. (2d) 44; High Splint Coal Co. v. Payne, 243 Ky. 677, 49 S. W. (2d) 539.

On motion heretofore entered by the appellee, the bill of exceptions herein was ordered stricken on the authority of Knecht v. Louisville Home Telephone Co., 121 Ky. 492, 89 S. W. 508, 28 Ky. Law Rep. 456. Therefore, under the prevailing rule of practice, the only question that can now be considered is the sufficiency of the pleadings to support the verdict and judgment. Aud v. McAvoy, 177 Ky. 380, 197 S. W. 824; Crofton v. L. & N. R. Co., 177 Ky. 831, 198 S. W. 229; Southern National Life Realty Corp. v. People's Bank of Bardstown, 179 Ky. 113, 200 S. W. 313; First National Bank v. Williams Feed Co., 214 Ky. 31, 282 S. W. 551; Hampton v. Porter, 215 Ky. 604, 286 S. W. 690; Wilson v. Trent, 238 Ky. 551, 38 S. W. (2d) 429.

Applying these general rules and considering the record as presented, the appellant is precluded by the first opinion of this court from raising the question of the sufficiency of the petition to state a cause of action. Without a bill of exceptions containing the evidence and instructions, this court is limited to the exercise of the power of merely reviewing the question of the sufficiency of the pleading to support the verdict and judgment.

An examination of the pleadings discloses that the allegations therein abundantly support the verdict and judgment.

Wherefore the judgment is affirmed.